## Ewald Iron Co. v. Commonwealth.

(Decided November 22, 1910.)

### Appeal from Lyon Circuit Court.

Corporations—Expiration of Term—Partnership—Taxation—Where
    Listed—Domicile of Owner.—Under Ky. St. section 561, providing:
    "When any corporation expires by the terms of its articles of in-
    corporation  *  *  *  it may thereafter continue to act for the
    purpose of closing up its business but for no other
    purpose  *  *  *  and all debts and demands shall be paid in
    full before the officers receive anything." When a corporation
    continues to act after its articles of incorporation have expired,
    the stockholders are simply doing business as partners, and are
    personally liable for all debts made; and acts done are not the
    acts of the corporation but of the stockholders, and its property
    should be listed for taxation in that county where it would be
    given in if the parties had done business under the firm name
    and not under the corporation. After the expiration of a reason-
    able time for closing up the business of a corporation, it is not
    in business under the statute, and the title to its property vests
    in the stockholders for the purposes of taxation. When all the
    stock of a corporation is owned by one person, it being personal
    property, is subject to taxation at the domicile of the owner.
    Two years is a reasonable time, ordinarily for the closing up of a
    business of a corporation, and where the provisions of the statute
    are disregarded the parties will not be heard to say that two
    years are not a reasonable time.

C. H. GIBSON, GIBSON, MARSHALL & GIBSON, JOHN C.
YATES, for Appellant.

M. J. HOLT, McQUOWN & BECKHAM, J. S. HODGES, CLAY-
TON B. BLAKEY and ARMICUS CURIAE, for Appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Arthur E. Hopkins, as revenue agent, instituted this
action in the Lyon circuit court against the Ewald Iron
Company to list for taxation $1,800,000 in money as
omitted property as of September 1, 1909, for the year
1910. The county court entered a judgment in favor of

the plaintiff; an appeal was taken to the circuit court which sustained the county court. From this judgment, the appeal before us is prosecuted.

The case was submitted in the county court and in the circuit court on an agreed statement of facts, which are in substance as follows: The Ewald Iron Company was incorporated under the General Statutes of Kentucky on November 5, 1880, for a term of twenty-five years with its principal office and place of business in Lyon county as specified in the articles of incorporation. The company conducted its business in Lyon county for a number of years, but prior to the year 1900, it removed its active place of business to the city of Louisville and thereafter continued its business operations at Louisville, retaining but not using its property in Lyon county. Prior to November 5, 1905, L. P. Ewald became and continued to be the sole stockholder of the company. He resided in Louisville and died there in July 1909, leaving a will which was afterwards probated. All the capital stock of the Ewald Iron Company outstanding, came into the hands of his executor. The business of the Ewald Iron Company was continued after the expiration of the charter, on November 5, 1905, in its corporate name in all respects as if its corporate existence had continued until September 1, 1909, when the company was formally dissolved, and its affairs have since been practically wound up. There was until then no change of title to any of its extensive and valuable properties in Lyon county, and Jefferson county, Kentucky, and in St. Louis, Missouri. It continued to make contracts, incur debts, and carry on a large business after its charter expired in exactly the same way as it had done before it expired. For some time prior to November 5, 1905, and continuously until his death, it was the purpose of L. P. Ewald to reincorporate the Ewald Iron Company, and for this purpose he caused articles of incorporation to be prepared which he repeatedly declared his intention to have executed. But this he neglected to do, and the business was continued in the name of the old company until his death, and until the company was dissolved after his death, subsequent to September 1, 1909. On September 1, 1909, the Ewald Iron Company had on deposit in various banks in St. Louis, Missouri, the sum of $1,800,000, which represented and was in fact the accumulated earnings and profits of the company which had never been distributed.

For more than half of this sum, interest-bearing certificates of deposit had been issued to the Ewald Iron Company payable to it, and the balance was deposited as an open account in the name of the company bearing interest and payable only on the check of the Ewald Iron Company. The books of the Ewald Iron Company showed all of these deposits and they were carried on the books as assets of the company on the first day of September, 1909. In October, 1909, the deposits were all paid by the banks holding them to the treasurer of the Ewald Iron Company, and were afterwards disposed of by the directors of the company in liquidating its affairs, until which time there had been no change of title to any of the money from the Ewald Iron Company. The executor of L. P. Ewald had transferred some shares of stock of the company to other persons, and caused a board of directors and all necessary officers to be elected, so that the company had an effective corporate organization. This was done with a view to dissolving and winding up the company, but after September 1, 1909. The assessors of the city of Louisville and of Jefferson county claiming that the money on deposit in St. Louis in the name of the Ewald Iron Company was in law and in fact, the money of L. P. Ewald's estate, assessed it, as of September 1, 1909, for the year 1910, in the name of L. P. Ewald's executor, and tax bills based on these assessments were placed in the hands of the collector of taxes for collection. No other property of the Ewald Iron Company except this money has been omitted from taxation for the year 1910. Its other properties have all been assessed in its name in Lyon county, and in Jefferson county.

There is no dispute between the parties that the property is liable to assessment. The only question made is whether it should be assessed as the property of the Ewald Iron Company in Lyon county or in the name of L. P. Ewald in Jefferson county. It is agreed that Lyon county was the residence of the corporation, and if the property should be assessed in its name, it must be assessed there. It is also agreed that Jefferson county was the residence of L. P. Ewald, and if the property should be assessed in his name it should be assessed in Jefferson county. The city of Louisville has appeared in the case by its attorney, insisting that the Jefferson county assessment should be sustained. Ewald's representatives have brought the

case to this court; that they may not be taxed twice; although it is to the interest of the estate that the judgment of the circuit court should be sustained as the rate of taxation is lower in Lyon county than in Louisville.

Section 561, Ky. Stats., among other things provides:

"And when any corporation expires by the terms of the articles of incorporation, * * * it may thereafter continue to act for the purpose of closing up its business, but for no other purpose; and it shall be the duty of the officers to settle up its affairs and business as speedily as possible, and they shall cause notice to be published for at least once a week for four consecutive weeks in some newspaper printed and published in the county, if any, of the fact that it is closing up its business; and all debts and demands against the corporation shall be paid in full before the officers receive anything."

Practically the same provision was contained in the General Statutes under which the corporation was formed. (General Statutes, page 766, section 13.) When the charter of the Ewald Iron Company expired, it wholly disregarded the statute. It did not proceed in any sense to close up its business, and took no steps in this direction but continued to do business just as it had before in disregard of the statute. It is earnestly insisted for appellee that the corporation does not die when its articles of incorporation expire, but that it continues in existence for the purpose of winding up its business, and that so the title to its property remains in it until its business is wound up. The statute provides that the corporation shall continue to act for the purpose of closing up its business but for no other purpose. When, as in this case, the corporation continues to act and carry on its business as before, taking no steps to close up after the articles of incorporation have expired, the stockholders are simply doing business as partners. They are personally liable for all debts made, and acts done are not the acts of the corporation but the acts of the stockholders. The situation for the purposes of taxation is precisely the same as in any other case of partnership; that is, the property should be given in for taxation in that county where it would be given in for taxation if the parties had done business under a firm name, and not under the name of a corporation. The corporation having expired and the acts done being the acts of the partners, the money made is the property of the partners, and not the property of the corporation.

The corporation is required by the statute to close up its business; the meaning of the statute is that it shall have a reasonable time for this purpose; but after a reasonable time has elapsed, the real owners of the property cannot be allowed to say that the corporation is still in existence for the purpose of closing up its business, and thus defeat a claim for taxes. It is true there was only one stockholder in this case, but the fact that there was but one stockholder does not change the legal aspect of the case. L. P. Ewald was simply doing business in the name of the Ewald Iron Company, not as a corporation; for the corporation had expired, but for himself, and for the purpose of taxation the rights of the parties are not different from what they would be if he had done business in the name of L. P. Ewald and Company. He was the sole stockholder; he had charge of the corporation. Having control of the corporation he did not wind it up, and in disregard of the statute, continued to do business in that name, thus failing to give in the property for taxation as his property at his residence. The reason it was done is not difficult to see. The money was deposited in St. Louis in the name of the Ewald Iron Company. It thus escaped taxation altogether. If taxed in Lyon county he would have to pay only a fraction of what he would have to pay in Jefferson county and so the money was kept in the name of the Ewald Iron Company, whose home was in Lyon county. The money had no situs in St. Louis, it was simply deposited there. It was personal property which followed the person and was subject to taxation at the domicile of the owner. The owner of the property on September 1, 1909, was L. P. Ewald's executor, and its domicile was in Louisville. In matters of this sort the court will not allow a device to defeat the purposes of the statute. The purpose of the statute is to place the burden of taxation equally upon all taxpayers; and if such a course as was here followed may be sustained to escape taxation at the residence of the real owner the purpose of the statute would be defeated.

While the existence of the corporation continues after the expiration of its articles of incorporation, for the purpose of winding up its business, this continuance of its existence is for that purpose and no other. The continued existence of the corporation cannot be extended by the failure of its officers to comply with the statute. They have a reasonable time to wind up its business, but when such reasonable time has expired, they cannot be heard

to say that the corporation is still in existence, and thus defeat their liability for taxes at their residence. After the expiration of a reasonable time for closing up the business of the corporation, it is not in existence under the statute, and the title to its property vests in the stockholders for the purpose of taxation; for the law will not allow one to profit by his own wrong. On the contrary, the law will hold that as done, in such cases, which ought to have been done. Two years is a reasonable time ordinarily for closing up the business of a corporation, and where the provisions of the statute are entirely disregarded, the parties will not be heard to say that two years is not a reasonable time. We, therefore, conclude that the corporate existence of the Ewald Iron Company expired for all purposes long before the death of L. P. Ewald, and that the money here in controversy is taxable as his property at his residence.

Judgment reversed and cause remanded for a judgment consistent herewith.

JUDGE O'REAR dissents.