## Barnett v. Bauer Cooperage Company.

(Decided October 31, 1911.)

### Appeal from Pulaski Circuit Court.

Land—Judgment Quieting Title.—The judgment of a court of equity quieting the plaintiff's title to a tract of land is not void and cannot be attacked collaterally, although the defendant was in the posses-

sion of the land but failed to answer the petition and judgment was entered against him by default.

WESLEY & BROWN, L. G. CAMPBELL for appellant.

O. H. WADDLE & SON, MORROW & MORROW for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Henry Barnett brought this suit against the Bauer Cooperage Company to recover $1,000 in damages for timber which the defendant had cut on a tract of land which he alleged he owned and had in possession. The defendant by its answer alleged these facts: The tract described in the petition was a part of a larger tract which Fred Waters on March 31, 1900, sold and conveyed to R. S. Crofford. Crofford executed a note for the purchase money, $103,000. Crofford failed to pay the note, and an action was brought against him in the circuit court of the United States for the Eastern District of Kentucky. In this action Crofford answered alleging that Henry Barnett and others owned parts of the survey sold him and were claiming the land as their own. Thereupon the plaintiff filed an amended bill in which he made Henry Barnett and all the other claimants parties to the action, alleging that they were claiming the land without any right to it, and asking that the Waters title be quieted. On the amended bill process was issued and served on Barnett; he made no defense; the petition was taken as confessed against him; judgment was entered for the sale of the land; it was sold, and the defendant claims under this title.

The plaintiff demurred to the answer; his demurrer was overruled. He then filed a reply in which he alleged that the circuit court of the United States was without jurisdiction. The court sustained a demurrer to the reply, and the plaintiff failing to plead further, dismissed the action. The plaintiff appeals.

The land lay within the territorily jurisdiction of the United States Circuit Court and that court had jurisdiction of the subject matter of the action, the enforcement of the lien on the land. The defendants were served with process and were actually before the court. The court had jurisdiction of the defendants and the subject matter of the action when the judgment was entered. The

rule is that the judgment of a court which has jurisdiction of the parties and the subject matter of the action, however erroneous it may be, is not void, and cannot be attacked collaterally. It is insisted for appellant that as he was in possession of the land an action to quiet title could not be maintained against him, and that the only remedy was an action at law to eject him. If he had set up this defense in the suit in the United States Circuit Court, it might have been then considered, but he could not ignore that court and attack collaterally its judgment. If it be true that the court acted erroneously in entering the judgment, when he failed to answer the petition, his remedy was by appeal. The court had before it an action to enforce the lien on the land, and had the power to bring all necessary parties before it in order that it might render an intelligent judgment. It was incumbent on the parties when they were summoned to make their defense in that court, and when they failed to do so, they are bound by the judgment and can not attake it collaterally.

Judgment affirmed.