## Commonwealth Land & Lumber Company v. Smith.

(Decided January 14, 1915.)

Appeal from Harlan Circuit Court.

Process—Requisites and Validity of Warning Order.—Although Section 57 of the Civil Code permits a corporation having no agent in the State known to plaintiff to be proceeded against by warning order, yet in view of Section 571, Kentucky Statutes, requiring all corporations to designate a process agent and to keep an office in this State wherein a process agent may be found, the plaintiff may not use his ignorance as a refuge and shut his eyes to the truth, and refrain from inquiring of the Secretary of State whether the corporation has designated a process agent, and in good faith, make affidavit that the corporation has no agent in the State known to him.

ACREE & STEWART, HAZELRIGG & HAZELRIGG, T. G. STUART and HELM BRUCE for appellant.

H. C. CLAY and J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

On June 7, 1911, the Commonwealth of Kentucky, by J. G. Forrester, Commonwealth's Attorney for the Twenty-sixth Judicial District, instituted an action in equity in the Harlan Circuit Court against the Commonwealth Land & Lumber Company and others, under the authorty of Section 4076d, Kentucky Statutes, for the purpose of declaring a forfeiture of the title to certain lands in Harlan county for non-payment of taxes.

It was alleged in the petition that the defendant, Commonwealth Land & Lumber Company, was a corporation organized and existing under and by virtue of

the laws of Kentucky, and that said company was the owner and claimant of the land, the title to which was sought to be forfeited.

At the time of the institution of the action, the Commonwealth's Attorney made an affidavit for a warning order, and the defendant Commonwealth Land & Lumber Company was proceeded against by constructive service of process. A warning order attorney was appointed, and a copy of the petition was posted at the front door of the courthouse.

In due time, the cause came on for trial, and on November 1, 1911, there was a verdict upon which the court rendered a judgment of forfeiture, and ordered a sale of the lands in question on April 13, 1912. The sale was had on September 2, 1912, and C. C. Smith became the purchaser of the lands, which comprise five hundred acres, at the price of two hundred and fifty dollars. On September 11, 1912, the sale was confirmed, and a deed was executed to the purchaser.

On December 13, 1913, the Commonwealth Land & Lumber Company and W. L. Bramblett, administrator of the estate of G. W. Bramblett, instituted this proceeding in equity in the Harlan Circuit Court to invalidate the forfeiture proceedings and the deed thereunder executed to the purchaser, C. C. Smith. A demurrer to the petition was sustained, and the sufficiency of the petition is sought to be upheld upon this appeal.

Bramblett's administrator is made a party plaintiff for the reason that at the time the forfeiture proceeding was instituted and the judgment was rendered and sale had, Bramblett had an attachment lien upon the lands in question; and since the deed was executed to C. C. Smith, the lands have been conveyed to him by the Commonwealth Land & Lumber Company.

1. The principal and only question presented upon the appeal is whether the defendant, Commonwealth Land & Lumber Company, was properly before the court in the forfeiture suit.

The statute (4076d) contains this language: "In addition to the requirements of the Civil Code of Practice respecting process and service thereof, notice shall be given of the pendency of the action by posting a copy of the petition at the front door of the courthouse, which shall be done by the clerk immediately after the petition

is filed; and he shall show by endorsements upon the original petition the time at which said copy was posted. And such copy, when so posted, shall be deemed notice to all defendants of the pendency of said action and its object.''

By virtue of the last sentence of the quotation, it is contended by appellee that the posting of a copy of the petition was sufficient to confer jurisdiction to render the judgment herein sought to be invalidated.

But the statute must be construed as a whole, and it specifically says that the language quoted is in addition to the requirements of the Civil Code respecting process and service thereof. And, as among its provisions is one by which the unknown owners and claimants of lands may be proceeded against and a forfeiture of their lands declared, we think it was to this class of defendants that the latter sentence of the language quoted was directed.

Where known defendants are proceeded against, it is undoubtedly necessary that the requirements of the Civil Code in respect of process and the service thereof shall be observed. The question here is whether there has been a proper observance of those provisions.

As has been said, the petition alleged that the Commonwealth Land & Lumber Company was a Kentucky corporation. Section 571, Kentucky Statutes, requires all corporations (except foreign insurance companies) doing business in this State to have at all times one or more known places of business in this State, and an authorized agent thereat upon whom process may be served; also to designate by a statement filed in the office of the Secretary of State, an agent for the service of process, which agent, when so designated, shall remain agent for that purpose until the statement of the appointment of another agent is therein filed.

The affidavit made by the Commonwealth's Attorney which was filed with the petition for the purpose of proceeding against the defendant corporation by constructive service of process, states that the defendant corporation had no agent in the State known to him. But it does not aver that the affiant had made any inquiries for the purpose of ascertaining the whereabouts of any agents of the corporation, or that he had made inquiry of the Secretary of State as to whether the corporation had complied with the statute and designated an agent for the service of process.

Section 57 of the Code provides that a defendant corporation may be proceeded against by constructive service of process when it has no agent in the state "known to the plaintiff."

But, in view of the requirements of Section 571, Kentucky Statutes, it is incumbent upon a plaintiff desiring to proceed against a corporation to make a reasonable effort to ascertain the whereabouts of agents of the corporation, and to inquire of the Secretary of State to ascertain if the corporation has designated an agent for the service of process. The plaintiff may not shut his eyes to the truth and take refuge in his own ignorance, and thereby enable himself to make affidavit that the defendant corporation has no agent in the State known to him, and thus be permitted to proceed against it by constructive service of process.

In view of what has been said, it will be seen that the affidavit of the Commonwealth's Attorney was insufficient to justify the proceeding against the defendant corporation by warning order; and the court was, therefore, without jurisdiction to render the judgment which resulted in a sale of the lands in question and the execution of the deed to the purchaser, C. C. Smith.

For this reason, the judgment appealed from is reversed.