# Smith v. Commonwealth Land & Lumber Company, et al.

## (Decided December 7, 1916.)

## Appeal from Harlan Circuit Court.

1.  Appeal and Error—Res Judicata—Pleading.—The petition herein having been held upon a former appeal to state a cause of action in alleging a forfeiture judgment and sale of land under section 4076b of the Kentucky Statutes were void because the affidavit for warning order was insufficient to bring the owner of the forfeited land before the court, the question is res judicata and the propriety of the former ruling cannot be questioned upon this appeal.

2.  Corporations—Settlement of Affairs—Defense of Title to Real Estate.—A corporation not engaged in any business except winding up its affairs as such, in which it becomes involved in protracted litigation necessary to the settlement of its affairs, is not precluded from defending its title to real estate, after two years have elapsed from the time fixed in its articles of incorporation for the termination of its corporate existence, when it does not appear more than a reasonable time has been employed in the winding up of its affairs.

3.  Deeds—Collateral Attack Upon Commissioner's Deed.—A commissioner's deed regularly executed and approved by the court cannot be attacked in a collateral proceeding unless it shows on its face that it is void.

4.  Attachment—Sale of Attached Real Estate—Construction of Statutes.—Section 229 of the Civil Code does not mean that the sale of attached real estate must be made by the sheriff who levied the attachment or of the county in which the land is situated.

5.  Liens—Rights and Liabilities of Purchaser of Property.—When a sale of land under section 4076b of the Kentucky Statutes is adjudged to be void, the purchaser is not entitled to a lien upon the land for the amount of the purchase price, except to the extent of liens discharged by him to which he may be subrogated.

H. C. CLAY for appellant.

ZEB A. STEWART, HAZELRIGG & HAZELRIGG and T. G. STUART for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming upon the original and reversing upon cross-appeal.

This is the second appeal of this case, and the opinion on the former appeal will be found in 162 Ky. 140, in which is given a statement of the facts with reference to the forfeiture judgment and sale of appellees' land that this action seeks to avoid. Upon a return of the case, the following additional facts were developed.

The Commonwealth Land & Lumber Company was incorporated in Jefferson county, Kentucky, November 1st, 1886, and the period of its corporate existence, fixed in the articles of incorporation at twenty-five years from that date, was never renewed or extended. In 1891 or 1892 the company became involved financially, resulting in numerous suits being filed against it in the Jefferson circuit court, in which judgments were entered against it for large amounts, and the company since that time has been engaged in no business except the defense of the various suits; and an effort to sustain its title to lands in Letcher, Leslie, Harlan and possibly other counties in the state attached in those suits or attacked in other suits. The company was insolvent and the settlement of these suits will completely wind up its affairs, which cannot be accomplished otherwise.

About 1906 George W. Bramblett, a large stockholder in the company, purchased from the company's creditors the judgments rendered against it in the suits in the Jefferson circuit court, and these suits were consolidated and proceeded under the style of George W. Bramblett, et al, against the Cumberland Land & Lumber Company, et al., until his death, when same were revived in the name of his administrator. The company had title to about 240,000 acres of land in several counties of the mountains of Kentucky, and the judgments against it purchased by Bramblett amounted to about $75,000.00. The effort to sustain the company's title to these lands and to enforce a sale of same in satisfaction of its debts has resulted in much and protracted litigation, at least three appeals having been prosecuted to this court, and it appears that the land involved here is the last piece owned by the company and that this action will finally settle its affairs.

1. The first question raised upon this appeal is the claim by appellees that all matters involved are *res judicata* as a result of the judgment of this court on the former appeal. We cannot concur in this contention because the only question before this court on the former appeal was the sufficiency of the petition on demurrer which accepted as true, of course, the allegations of the -petition. That opinion, however, is conclusive of one proposition involved here, although counsel for appellant re-argue it, and that is that the affidavit of the plaintiff in the forfeiture suit for warning order was insufficient,

and the owners of the land involved were not before the court upon constructive service when the judgment of forfeiture was rendered, for it was upon this conclusion that the sufficiency of the petition was rested. The answer filed by appellant Smith upon return of the case alleged actual service on W. F. Hall, agent of the company, but the proof fails to establish either a service upon Hall as agent of the company or that he was its agent, so that it results that under the former opinion of this court the owners of the land were not constructively before the court and the attempt to show actual service having failed, they were not before the court in any way, and the judgment of forfeiture and the sale and conveyance of the land to appellant were consequently void.

2. It is urged, however, by counsel for appellant upon this appeal that neither the Commonwealth Land & Lumber Company nor Bramblett's administrator can maintain this action; that the Commonwealth Land & Lumber Company cannot do so because its corporate existence, fixed in its articles of incorporation at twenty-five years from November 1st, 1886, expired on November 1st, 1911, and this action having been filed December 13, 1913, more than two years after the expiration of the company's corporate existence, it cannot be maintained under authority of the Ewald Iron Co. cases, 140 Ky. 692 and 142 Ky. 465. The facts in this case and the law proposition involved are in no sense similar to those in the Ewald cases, where only a question of the continued existence of a corporation for taxation was involved, and this court held that a corporation having continued its business after its corporate existence had terminated could not hold title to property in the corporation's name to fix the situs of the property for taxation at the corporation's domicile longer than two years after the expiration of its corporate existence, which was arbitrarily assumed to be a reasonable time when no effort had been made to settle up its affairs. In the case here the corporation has not continued in the business for which it was incorporated beyond the period fixed for its corporate existence, in fact it ceased all such business long before the expiration of that period, and has had no existence since except in the courts engaged in the final settlement of its intricate affairs, and the rule announced in the Ewald cases can have no application whatever in

the case at bar, since what was assumed in that case to be a reasonable time to settle the affairs of that corporation because it had made no effort to wind up its affairs, is shown by the facts of this case not to have been a reasonable time for such purpose, by the corporation here engaged in protracted litigation necessary to a settlement. Moreover, the company in this action was merely a nominal party, as Bramblett was the real party in interest, but the title to the land having been in the company at the time of the forfeiture proceedings and its title having been forfeited and the land sold as its property, it was properly made a party to the proceedings to set aside the forfeiture and sale although it had no real interest in the litigation, except to protect its title in order that the land owned by it may be applied to the payment of its debts, and until this is accomplished it cannot cease to exist for that purpose.

3. It is insisted that W. L. Bramblett as administrator of G. W. Bramblett, deceased, cannot maintain this action although he has a deed to the land from the master commissioner of the Jefferson circuit court wherein is the following recital of authority for the execution of the deed:

"Thereafter, by a judgment entered on Dec. 31, 1913, said attachments and levies thereunder were sustained, and the sheriff of Jefferson county, Kentucky, was ordered to sell the said property at public auction to the highest bidder, which he did, and thereafter, on the 31st day of March, 1914, said sheriff filed his report, showing he had sold the property hereinbefore described to W. L. Bramblett, administrator of the estate of Geo. W. Bramblett, deceased, who purchased said property at less than the amount of his debt, which report of sale was confirmed by the court on the 9th day of April, 1914, after which, by order entered April 9, 1914, the court ordered the Commissioner to execute a deed to said purchaser for said property, free of lien.

"All of which more at large appears by reference to the aforesaid cause; which reference is now here made for greater certainty."

Counsel for appellant contend that this recital shows that the sale to Bramblett was illegal and that the deed is void because the sale was made by the sheriff of Jefferson county rather than the sheriff of Harlan county where the land is situated, and that it does not appear

that the sale was made at the courthouse door in Harlan county.

A sufficient answer to the last objection is, that it does not appear from the deed that the sale was not made at the courthouse door in Harlan county or other place ordered by the court, as under Section 696 of the Civil Code might have been done; and as the deed is regularly executed and approved by the court it cannot be attacked collaterally in this proceeding unless it shows on its face it is void. Crown Real Estate Co. v. Rogers' Com., 132 Ky. 790; Barnett v. Bauer Cooperage Co., 145 Ky. 163. Neither is the deed void because the sale was made by the sheriff of Jefferson county. Section 229 of the Code provides that attached property shall be sold "by the sheriff" upon order of the court having control of the property, but it does not provide the sale shall be made by the sheriff who levied the attachment or of the county where land to be sold is located, and we are unwilling to so construe the section, which counsel for appellant insists should be done. As the sale must be made by order of the court having control of the attached property, the sheriff that makes the sale pursuant to such an order is in fact the court's commissioner in so doing, and cannot sell at all without the order. We can see no reason why the court in ordering the sale cannot with propriety direct the sheriff of the county where the court is held to make the sale of land in another county upon which an attachment was levied by the sheriff of the other county. It is not prohibited by the Code or any rule of law and it conforms with the practice of sending the court's commissioner to other counties to make sales.

We therefore conclude the chancellor's judgment declaring the forfeiture proceedings and the sale of the land to appellant void, and cancelling the deed to him was correct; and that the appellees, Commonwealth Land & Lumber Company and G. W. Bramblett's administrator, were authorized to maintain this action.

4. Appellees prosecute a cross-appeal from so much of the judgment as awarded to appellant a lien upon the land purchased by him under the void sale for the purchase price $250.00, which was no doubt done by the court under Section 4036 of the Kentucky Statutes, which would authorize such action if that section had application to such sales as the one here; but that is not

the case. The lien there provided for is upon void sales of property for delinquent taxes by the sheriff under sections 4151-4152 of the Kentucky Statutes, which authorize a sale of only so much of the land as is necessary to pay the taxes, penalties and costs. The sale made here was under section 4076b, Ky. Statutes, an entirely different proceeding for a different purpose. The title to the entire tract was forfeited and the land sold as a whole in a regular court proceeding under judgment of the court and by its commissioner. This sale was not different from any other judicial sale and *caveat emptor* applies. The purchaser cannot therefore have any lien upon the land by reason of his purchase at the void sale, except insofar as he discharged an existing lien to which he may be subrogated. As the taxes paid out of the purchase money paid by appellant discharged the lien for taxes on the land he is entitled to a lien to that extent, but no more.

For the reasons given the judgment is affirmed upon the original appeal and reversed upon the cross-appeal, with direction to limit the lien awarded to appellant upon the land sold to the amount of the lien for taxes discharged out of the purchase money.