## Young, et al. v. Fitch, et al.

(Decided November 12, 1918.)

### Appeal from Lee Circuit Court.

1. Corporations—Suit to Wind Up Affairs of, After Corporate Life Ended—Time in Which it May be Brought.—Under section 561 of the Kentucky Statutes, a suit to wind up the affairs of a corporation may, in the absence of anything to show that prejudice would be worked to the rights of other parties, be brought more than two years after the life of the corporation has expired.

2. Corporations—Suit to Wind Up Affairs of, After Corporate Life Ended.—Where the life of a corporation expired in 1913, a ma-

jority of the directors in office at the time of its death had the right to bring a suit in 1917 for the purpose of selling its property and distributing the proceeds among the stockholders, there being no creditors.

3. Corporations—Property of Vests in Stockholders Upon Dissolution of.—Upon the dissolution of a business corporation its property vests in the stockholders subject to the payment of corporate debts and liabilities.

4. Corporations—Suit to Settle Affairs of—May Be Brought Against Some of Stockholders for All.—In a suit by the directors to wind up the affairs of a corporation after its life has expired, those stockholders who are known may be made defendants for the benefit of all the stockholders, under section 25 of the Civil Code authorizing one or more to defend for the benefit of all, where the question involved is of common or general interest, and the parties are numerous, and it is impracticable to bring them all before the court.

5. Judicial Sales—Terms of Sale.—Section 696 of the Civil Code regulates the sale of property under judicial decree, and the sale should be on the terms provided in this section and not for cash, nor should any cash deposit be required of the purchaser.

JAMES P. GREGORY and T. B. BLAKEY for appellants.

BRUCE & BULLITT, G. W. GOURLEY and CLARENCE C. SMITH for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In June, 1888, the Kentucky Three Forks Mineral Land Company was incorporated under chapter 56 of the General Statutes, its life being limited to a period of twenty-five years. The charter of the company not having been extended, its corporate life expired in June, 1913, at the expiration of the twenty-five years. During the corporate life of the company it purchased a large boundary of land in Lee county, of which it was the owner, except some parts that had been sold, in June, 1913, when its corporate existence ended.

It might here also be said that for many years during the life of the corporation and until lately the lands and mineral rights owned by the corporation were considered as of little value, and for this reason practically no attention was given to the corporate affairs of the company, but within the last couple of years the lands and mineral rights owned by the company have become valuable and it was thought best to sell them for the purpose of distributing the proceeds among the stockholders.

It further appears that in 1903 six directors of the company were duly and regularly elected to manage its affairs, but since that time two of them have died and the vacancies created by their deaths were never filled, and that four of these directors so elected continued and were in office when the life of the corporation expired in June, 1913. In 1917 this suit was brought by these four directors of the corporation, who were elected in 1903, against some of the stockholders of the company for the purpose of selling the lands and mineral rights of the company and distributing the proceeds among the stockholders, there being no creditors or liabilities.

The petition set out that the company had no liabilities and that the directors who were plaintiffs in the suit were the only surviving officers of the company. It further set out that all the property of the company sought to be sold in the action was jointly owned by the stockholders; that the stockholders were numerous and the name and place of residence of many of them unknown, and therefore it would be impracticable to bring all of the stockholders before the court or make them parties to the action, and so the suit was brought against five persons who were known stockholders of the company, and it was asked in the petition that these defendant stockholders be permitted to represent the interests of all the stockholders. The prayer of the petition was, that the property be sold and the proceeds distributed among all the stockholders of the company in proportion to their respective interests, and for the purpose of ascertaining the stockholders and their interests the case be referred to the commissioner of the court. To this petition a general demurrer was interposed by the defendant stockholders, which being overruled by the court, there was a judgment directing a sale of the property and a reference of the case to the master commissioner of the court for the purpose of ascertaining and reporting the names of the stockholders and their respective interests in the corporation, in order that the proceeds of the sale might be properly distributed by the court.

The few stockholders who were made defendants in the suit, although desirous of having the affairs of the corporation wound up in the manner sought in the petition, being apprehensive that a good title could not be

made to the property unless all of the stockholders were parties to the action and before the court, prosecute this appeal for the purpose of having it finally determined whether the stockholders not before the court would be bound by the judgment, or in other words, whether the few stockholders who were made defendants were authorized to represent the absent stockholders in such a way as that the judgment would be binding upon them.

In the case of Neptune Fire Engine and Hose Company v. Board of Education of Mason County, 166 Ky. 1, this court held, in accordance with the weight of authority, that upon the dissolution of a business corporation its property vested in the stockholders subject to the payment of corporate debts and liabilities, and therefore when the life of this corporation expired the title to all of its property vested in the stockholders subject to the payment of the debts and liabilities, if any, of the corporation.

In order that the affairs of a corporation whose corporate existence has terminated may be settled up it is provided in part in section 561 of the Kentucky Statutes that "when any corporation expires by the terms of the articles of incorporation, or by the voluntary act of its stockholders, it may thereafter continue to act for the purpose of closing up its business, but for no other purpose; and it shall be the duty of the officers to settle up its affairs and business as speedily as possible." This statute does not fix the time for which the life of the corporation shall be extended, after its corporate existence has expired, for the purpose of enabling its officers to wind up its affairs, but we held in Ewald Iron Company v. Commonwealth, 140 Ky. 692, that under the statute, "While the existence of the corporation continues after the expiration of its articles of incorporation, for the purpose of winding up its business, this continuance of its existence is for that purpose and no other. The continued existence of the corporation cannot be extended by the failure of its officers to comply with the statute. They have a reasonable time to wind up its business, but when such reasonable time has expired, they cannot be heard to say that the corporation is still in existence, and thus defeat their liability for taxes at their residence. After the expiration of a

reasonable time for closing up the business of the corporation, it is not in existence under the statute, and the title to its property vests in the stockholders for the purpose of taxation; for the law will not allow one to profit by his own wrong. On the contrary, the law will hold that as done, in such cases, which ought to have been done. Two years is a reasonable time ordinarily for closing up the business of a corporation, and where the provisions of the statute are entirely disregarded, the parties will not be heard to say that two years is not a reasonable time.''

The question, however, before the court in the Ewald case related purely to matters of taxation and particularly involved the situs of corporate property for purposes of taxation, and it was not intended in that case to set down any hard and fast rule as to the time in which the affairs of a corporation should be wound up by its officers after its corporate life had expired. Smith v. Commonwealth Land & Lumber Co., 172 Ky. 607.

The question we have in this case, stated in simple terms, is this—Can the officers of a corporation, that is, the directors or a majority of them, bring a suit more than two years after the life of the corporation has expired for the purpose of settling up its affairs and distributing the property owned by the corporation, or its proceds, among the persons entitled thereto? The statute quoted makes it the duty of the officers of a corporation whose life has ended to wind up its affairs, and manifestly it is necessary that some person or persons should be vested with authority to do this not only for the protection of the creditors of the corporation but the stockholders as well, and it appears to us that when the only purpose of the suit is to settle the affairs of the corporation, the right to bring such a suit should not be limited to two or any specified number of years, although of course so long a time might be allowed to intervene between the death of the corporation and the institution of such a suit as to affect the interest of other persons not officers or stockholders and therefore give them the right to interpose the defense that the long delay on the part of the officers of the corporation barred their right to maintain the action. But, where, as in this case, no person is complaining that any injustice will be done on account of the delay, and the only purpose of

the suit is to dispose of the property of the corporation in order that the rights of all persons interested may be protected, we are clearly of the opinion that the length of time that may have elapsed between the death of the corporation and the bringing of the suit is not material, and this being so, we find no statutory or other obstacle to the suit brought by the officers for the purpose heretofore set out.

The remaining question is—Was it necessary that all of the stockholders in the corporation should have been made parties to the action or have been in some way brought before the court? It is charged in the petition and admitted to be true, that (a) the stockholders are very numerous, and many of them have moved to places unknown to the plaintiffs; that others have died and the stock has not been transferred on the corporate books and the owners are unknown. (b) That it would be expensive and cause great delay if it was necessary to bring all the stockholders or their representatives before the court and this delay would materially endanger the value of the property and work a corresponding disadvantage to the shareholders. In other words, the undisputed averment of the petition is that the question involved in the case was of common interest to many persons and that it was impracticable to bring all of them before the court within a reasonable time, and this being so, we think an action against the stockholders who were made defendants for the use and benefit of all was fully authorized by section 25 of the Civil Code, reading: "If the question involve a common or general interest of many persons, or if the parties be numerous and it is impracticable to bring all of them before the court within a reasonable time, one or more may sue or defend for the benefit of all." Construing this section and fully authorizing as we think the procedure here adopted are the cases of Bardstown & Louisville R. R. Co. v. Metcalf, 4 Met. 199; Alexander v. Gish, 88 Ky. 13; Overton v. Overton, 123 Ky. 311; Union Light, Heat and Power Co. v. Mulligan, 177 Ky. 662.

We notice in the judgment that the sale of the property was ordered to be made "to the highest bidder for cash in hand," and it was further provided that any purchaser at the judicial sale should be required to make "a cash deposit of one hundred dollars." We find no

authority in section 696 of the Civil Code which makes provision for the sale of property under judicial decree for requiring a cash deposit by the purchaser, or for the sale of property for cash, and we think the judgment in these particulars should be so corrected as to follow the provisions of the Code. Guest v. Foster, 159 Ky. 1.

This error, however, does not necessitate a reversal of the judgment, which is affirmed with directions to the lower court to make the corrections indicated.