APPEAL OF THE GEORGE WIEDEMANN BREWING CO. AND WALTER B. WEAVER, AS A STOCKHOLDER, ETC.[1]

Docket No. 7955. Decided July 31, 1926.

Under the laws of Kentucky a corporation may continue, after its dissolution, to act for the purpose of closing up its business, for a period of time reasonable for such purpose. *Held*, under the facts of this case, that the petitioner corporation may properly maintain this proceeding, although dissolved under the laws of Kentucky on December 29, 1920.

*James B. O'Donnell, Esq.*, for the petitioner.
*Ward Loveless, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency in income and profits taxes against The George Wiedemann Brewing Co. for

---

[1] The docket title of this case is: Appeal of The George Wiedemann Brewing Co. and Walter B. Weaver, as a stockholder of said company since dissolved, for himself and all other stockholders of record of said company at the date of its dissolution.

the fiscal year ended September 30, 1919, in the amount of $32,712.56. The Commissioner has moved to dismiss the appeal on the ground that the petition shows on its face that the taxpayer corporation has been dissolved and is no longer in existence, that Walter B. Weaver, who signed the petition, has not joined with him the remaining stockholders of the corporation as of the date of dissolution as parties to this appeal, and, further, that the petition does not show on its face that Weaver or any other stockholder received any of its assets on the dissolution of the corporation.    The Commissioner contends in his motion that neither the corporation, the said Weaver, nor any stockholder of the defunct corporation should be permitted to have and maintain this appeal.

### FINDINGS OF FACT.

1. The George Wiedemann Brewing Co. was organized under the laws of Kentucky on May 1, 1890, and was dissolved on December 29, 1920.

2. Under date of August 13, 1925, the following letter (on the reverse side of which was stamped the date August 15, 1925) was mailed to the taxpayer corporation:

IT : CR : D                                                         FORM NP–2
EBW

TREASURY DEPARTMENT,
*Washington, Aug. 13, 1925.*

The GEO. WIEDEMANN BREWING COMPANY,
    *Sixth and Columbia Streets, Newport, Kentucky.*

SIRS: An examination of your income and profits tax returns and of your books of account and records discloses an additional tax for the year 1919 of $32,712.56 as shown in the attached statement.

In accordance with the provisions of Section 274 of the Revenue Act of 1924, you are allowed 60 days from the date of mailing of this letter within which to file an appeal to the United States Board of Tax Appeals contesting in whole or in part the correctness of this determination.

Where a taxpayer has been given an opportunity to appeal to the United States Board of Tax Appeals and has not done so within the 60 days prescribed and an assessment has been made, or where a taxpayer has appealed and an assessment in accordance with the final decision on such appeal has been made, no claim in abatement in respect of any part of the deficiency will be entertained.

If you acquiesce in this determination and do not desire to file an appeal, you are requested to sign the inclosed agreement consenting to the assessment of the deficiency and forward it to the Commissioner of Internal Revenue, Washington, D. C., for the attention of IT : CR : D–EBW. In the event that you acquiesce in a part of the determination, the agreement should be executed with respect to the items agreed to.

    Respectfully,

(Signed)    J. G. BRIGHT,
*Deputy Commissioner.*

Inclosures:
    Statements
    Agreement—Form A

3. On October 10, 1925, this appeal was filed with the Board. The designation of the appeal and the paragraphs of the petition pertinent to the issue here involved appear in the petition as follows:

UNITED STATES BOARD OF TAX APPEALS

| | |
|---|---|
| Appeal of THE GEO. WIEDEMANN BREWING Co., and WALTER B. WEAVER as a stockholder of said company since dissolved, for himself and all other stockholders of record of said company at the date of its dissolution, Sixth & Columbia Streets, Newport, Kentucky. | Docket No. 7955. |

PETITION

The above named taxpayer hereby appeals from the determination of the Commissioner of Internal Revenue set forth in his deficiency letter IT: CR: D–EBW, dated August 13th, 1925, and as the basis of its appeal sets forth the following:

(1) The taxpayer was a Kentucky corporation but was duly dissolved under the laws of the State of Kentucky on the 29th day of December, 1920, and this appeal is filed and prosecuted in the name and on behalf of said corporation and by Walter B. Weaver, a stockholder, for himself and all other stockholders of record at the time of said dissolution. The principal office of said company is at Sixth & Columbia Streets, Newport, Kentucky. This is also the office of Walter B. Weaver, a stockholder, and the office of other stockholders of said dissolved corporation.

(2) The deficiency letter (a copy of which is attached hereto) was mailed to the taxpayer on August 13th, 1925.

(3) The taxes in controversy are income and profits taxes for the fiscal year ending September 30th, 1919, and are more than $10,000.00, to-wit: $32,712.56.

4. The petition was verified by Walter B. Weaver as the last duly elected vice president of The George Wiedemann Brewing Co. in the following manner:

STATE OF OHIO, } ss.
HAMILTON COUNTY, }

WALTER B. WEAVER, being duly sworn, says that he was the last duly elected Vice-President of The Geo. Wiedemann Brewing Company, above named, and as such is duly authorized to verify the foregoing petition; that said company was dissolved on the 29th day of December, 1920, and that he was a stockholder of record at said date and that he verifies this petition in an individual capacity as a stockholder for himself and all other stockholders of record at said time; that he has read the said petition and is familiar with the statements therein contained, and that the facts therein stated are true except such facts as are stated to be upon information and belief and those facts he believes to be true.

(Signed)          WALTER B. WEAVER.

Sworn to before me and subscribed in my presence this 8th day of October, 1925.

[SEAL.]                    (Signed)          ALBERTA WOOD,
                    *Notary Public in and for Hamilton County, Ohio.*

OPINION.

KORNER, *Chairman*: The issue here involved is whether or not the petitioners are competent to maintain this appeal. The petition, which was filed by Walter B. Weaver as vice president of the taxpayer corporation on behalf of the taxpayer and its stockholders, shows on its face that the corporation was dissolved on December 29, 1920. The Commissioner has filed a motion to dismiss the appeal for the reason that the corporation is no longer in existence, and, being no longer in existence, is incapable of maintaining this appeal, and for the further reason that all the stockholders are not joined as parties to the appeal. These stockholders have replied with a motion ratifying the action of W. B. Weaver in bringing this appeal on their behalf, and further moving that, in the event the Board should find that the motion of the Commissioner is well taken because of the absence of the remaining stockholders, they be made parties to the appeal.

The first question presented by the Commissioner's motion is whether or not, on the facts stated, The George Wiedemann Brewing Co. is still in existence and is capable of maintaining this appeal. If this question is answered in the affirmative, it will not be necessary to proceed further in the consideration of the Commissioner's motion, nor will it be necessary to pass upon the motion of the stockholders that they be made parties.

In considering the nature of a corporation, Mr. Chief Justice Marshall, in *Dartmouth College* v. *Woodward*, 4 Wheat. 518, at page 634, said:

A corporation is an artificial being, invisible, intangible, and existing only in contemplation of law. Being the mere creature of law, it possesses only those properties which the charter of its creation confers upon it, either expressly, or as incidental to its very existence.

In *Bank of Augusta* v. *Earle*, 13 Pet. 519, 588, the following statement appears:

It is very true, that a corporation can have no legal existence out of the boundaries of the sovereignty by which it is created. It exists only in contemplation of law, and by force of the law; and where that law ceases to operate, and is no longer obligatory, the corporation can have no existence.

From the decisions cited, it appears that the life of a corporation is wholly dependent on the provisions of law creating it, and, if by the provisions of its charter or the statute creating it the period of its existence is limited, its life can not extend beyond the end of that period unless by statute of the State creating the corporation its life is extended. Most if not all of the States have statutes extending the life of corporations for the purpose of winding up their business and distributing their assets among the stockholders. See

*National Bank* v. *Colby*, 21 Wall. 609; and *Dundee Mortgage & Trust Investment Co.* v. *Hughes*, 77 Fed. 855.

Inasmuch as The George Wiedemann Brewing Co. was created by and under the laws of Kentucky, it is necessary to examine the laws of that State to determine whether or not it is in existence at the present time for the purpose of winding up its business and is capable of maintaining this appeal. The dissolution of corporations in Kentucky is governed by section 561 of the Kentucky Statutes, which reads as follows:

> Any corporation organized under this chapter may, by the consent in writing of the owners of the majority of its shares of stock, unless otherwise provided in the articles of incorporation or amendments thereto, close its business and wind up its affairs; and when any corporation expires by the terms of the articles of incorporation, or by the voluntary act of its stockholders, it may thereafter continue to act for the purpose of closing up its business, but for no other purpose; and it shall be the duty of the officers to settle up its affairs and business as speedily as possible; and they shall cause notice to be published, for at least once a week for four consecutive weeks, in some newspaper printed and published in the county, if any, of the fact that it is closing up its business; and all debts and demands against the corporation shall be paid in full before the officers receive anything.

From this provision it appears that the life of a given corporation is extended beyond the term fixed by its charter, or beyond the date of the voluntary dissolution by action of its stockholders, but only for the purpose of closing up its business. The legislature of Kentucky has not seen fit to fix a specific period as the time necessary to wind up the affairs of such a corporation, and it would appear that the length of time for which the life of a corporation is so extended depends upon the exigencies of the particular case.

*Ewald Iron Co.* v. *Commonwealth*, 140 Ky. 692; 131 S. W., 774, is often cited in support of the proposition that the period for which the life of a corporation may be extended after the date of dissolution has been limited by the courts to a period of two years. The corporation there in question was organized under the General Statutes of Kentucky on November 5, 1880, for a term of 25 years. Its principal place of business was located in Lyon County. By the terms of its charter the corporation expired on November 5, 1905. Subsequent to that date, L. P. Ewald, who had previously acquired all of the stock in the company, continued the business in the same manner and without change, taking no steps to wind up the affairs of the corporation. At the time of Ewald's death in 1909, $1,800,000 was on deposit in the name of the corporation in various banks in St. Louis, Mo., and the question arose as to whether the money on deposit was taxable in Jefferson County, where Ewald resided at the time of his death, or in Lyon County, where the principal office of the corporation had been located. In deciding that question the

court, after citing section 561 of the Kentucky Statutes, quoted above, said:

While the existence of the corporation continues after the expiration of its articles of incorporation, for the purpose of winding up its business, this continuance of its existence is for that purpose and no other. The continued existence of the corporation cannot be extended by the failure of its officers to comply with the statute. They have a reasonable time to wind up its business; but, when such reasonable time has expired, they cannot be heard to say that the corporation is still in existence, and thus defeat their liability for taxes at their residence. After the expiration of a reasonable time for closing up the business of the corporation, it is not in existence under the statute, and the title to its property vests in the stockholders for the purpose of taxation; for the law will not allow one to profit by his own wrong. On the contrary, the law will hold that as done, in such cases, which ought to have been done. Two years is a reasonable time ordinarily for closing up the business of a corporation, and, where the provisions of the statute are entirely disregarded, the parties will not be heard to say that two years is not a reasonable time. We therefore conclude that the corporate existence of the Ewald Iron Company expired for all purposes long before the death of L. P. Ewald, and that the money here in controversy is taxable as his property at his residence.

From the facts of the case just cited and the language of the court in deciding the issue therein involved, we are of the opinion that the doctrine there laid down that two years is a reasonable time under the statute for winding up the affairs of a corporation can not be given general application. In fact, the Court of Appeals of Kentucky has, subsequent to that time, in two different cases, stated that the two-year period prescribed in the *Ewald* case was arbitrary and applied only to the peculiar facts there involved. *Smith* v. *Commonwealth Land & Lumber Co.*, 172 Ky. 607; 189 S. W. 912; and *Young* v. *Fitch*, 182 Ky. 29; 206 S. W. 29. In *Smith* v. *Commonwealth Land & Lumber Co.*, the court said:

The facts in this case and the law proposition involved are in no sense similar to those in the Ewald Cases, where only a question of the continued existence of a corporation for taxation was involved, and this court held that a corporation, having continued its business after its corporate existence had terminated, could not hold title to property in the corporation's name, to fix the situs of the property for taxation at the corporation's domicile, longer than 2 years after the expiration of its corporate existence, which was arbitrarily assumed to be a reasonable time, when no effort had been made to settle up its affairs. In the case here the corporation has not continued in the business for which it was incorporated beyond the period fixed for its corporate existence; in fact it ceased all such business long before the expiration of that period, and has had no existence since, except in the courts engaged in the final settlement of its intricate affairs, and the rule announced in the Ewald Cases can have no application whatever in the case at bar, since what was assumed in that case to be a reasonable time to settle the affairs of that corporation because it had made no effort to wind up its affairs, is shown by the facts of this case not to have been a reasonable time for such purpose, by the corporation here engaged in protracted litigation necessary to a settlement.

The case of *Young* v. *Fitch, supra,* involved a settlement and a distribution of the assets of the Kentucky Three Forks Mineral Land Co., which was incorporated under the laws of Kentucky in June, 1888, for a period of 25 years. At the time of the expiration of its charter in June, 1913, this corporation owned a large tract of mineral land which at that time was considered to be of little value. Part of the land was sold on or about the date of the expiration of the charter, but nothing further was done with reference to the remainder until 1917, when this suit was brought by the four surviving directors of the corporation against certain of the stockholders for the purpose of selling the land and mineral rights and. distributing the proceeds among the stockholders, there being no creditors or liabilities. To this petition a general demurrer was interposed, which was overruled, and a judgment was entered directing the sale of the property. On appeal, the question was raised as to whether or not, in view of the decision in *Ewald Iron Co.* v. *Commonwealth, supra,* such suit could be maintained in view of the fact that more than two years had expired between the date of the expiration of the charter of the corporation and the date of bringing the suit. The court distinguished this case from the *Ewald* case as follows:

The question, however, before the court in the Ewald Case related purely to matters of taxation and particularly involved the situs of corporate property for purposes of taxation, and it was not intended in that case to set down any hard and fast rule as to the time in which the affairs of a corporation should be wound up by its officers after its corporate life had expired. *Smith* v. *Commonwealth Land & Lumber Co.,* 172 Ky. 607, 189 S. W. 912.

The question we have in this case stated in simple terms is this: Can the officers of a corporation—that is, the directors or a majority of them—bring a suit more than two years after the life of the corporation has expired for the purpose of settling up its affairs and distributing the property owned by the corporation, or its proceeds, among the persons entitled thereto? The statute quoted makes it the duty of the officers of a corporation whose life has ended to wind up its affairs, and manifestly it is necessary that some person or persons should be vested with authority to do this, not only for the protection of the creditors of the corporation, but the stockholders as well, and it appears to us that, when the only purpose of the suit is to settle the affairs of the corporation, the right to bring such a suit should not be limited to two or any specified number of years, although of course so long a time might be allowed to intervene between the death of the corporation and the institution of such a suit as to affect the interest of other persons not officers or stockholders and therefore give them the right to interpose the defense that the long delay on the part of the officers of the corporation barred their right to maintain the action. But where, as in this case, no person is complaining that any injustice will be done on account of the delay, and the only purpose of the suit is to dispose of the property of the corporation in order that the rights of all persons interested may be protected, we are clearly of the opinion that the length of time that may have elapsed between the death of the corporation and the bringing of the suit is not material, and, this being so, we

find no statutory or other obstacle to the suit brought by the officers for the purpose heretofore set out.

From the language of the court in the two cases last cited, we are of the opinion that corporations organized under the laws of Kentucky, regardless of whether their existence is terminated by the terms of the articles of incorporation or by the voluntary action of stockholders, are continued in existence so long as may be necessary to do all acts necessary in connection with the closing up of their business. It is also well to note that section 561 of the Kentucky Statutes puts the duty of winding up the affairs of dissolved corporations on the officers of such corporations, the only restriction being that the business and affairs shall be settled as speedily as possible. In this case, the corporation was advised of a proposed additional assessment of income and profits taxes, and upon receipt of such notice Walter B. Weaver, vice president of the taxpayer corporation as of the date of its dissolution, promptly filed this appeal with the Board for the purpose of contesting the liability on behalf of the corporation, in order that its affairs might be properly settled. We are of the opinion that this action was, under the laws of Kentucky, proper, and that the corporation will be continued in existence by such laws during the pendency of this appeal, and until the liability of the corporation for such taxes as those proposed by the Commissioner has been finally determined. In *Economy Building & Loan Ass'n.* v. *Paris Ice Mfg. Co.*, 113 Ky. 246; 68 S. W., 21, the Kentucky Court of Appeals stated:

> But even if it should be held otherwise, we then conclude, from the text and intent of the statute, that the preliminary steps of dissolution must all be dependent upon the corporation's discharging its debts and liabilities; that, till its debts are paid, it continues to be a corporation, to the extent of allowing it to be sued, or to take other steps toward discharging all its liabilities.

Such, we believe, is the law in this case.

*Motion to dismiss denied. Commissioner may answer within 60 days.*