### BLACKERBY et al. v. MONARCH EQUIPMENT.

Court of Appeals of Kentucky.

May 1, 1953.

Lena M. Craig and J. A. Edge, Lexington, for appellants.

W. B. Martin and Neil G. Sullivan, Lexington, for appellee.

MOREMEN, Justice.

Appellants, W. F. Blackerby and Tillie M. Blackerby, are married. Appellant, Margaret Molloy Blackerby, is their daughter. On May 7, 1943, they conveyed to her property which is known in the record as 229 McDowell Road. By judgment of the circuit court this transfer was held to be without consideration and, therefore, void insofar as it attempted to defeat a lien obtained by the appellee, Monarch Equipment, a corporation, as the result of the levy on July 17, 1937, of an execution upon this same property. Appellants are dissatisfied with the judgment.

Before appellants' detailed criticisms are stated, a chronicle of the events which culminated in the judgment is required.

April 3, 1926—Mrs. Blackerby acquired title to property at 229 McDowell Road.

May 25, 1930—Mr. and Mrs. Blackerby executed a note in the principal sum of $2,500 to Monarch Equipment, a corporation, as payee.

August 23, 1930—Mr. and Mrs. Blackerby conveyed to Theresa M. Moore their property at 229 McDowell Road. The recited consideration was $1,000 and assumption of a mortgage in favor of the Prudential Insurance Co.; and, further, the assumption of two other mortgages. On this same day was recorded a bill of sale from the Blackerbys to Austin Moore for a quantity of furniture and household goods situated in the house for the recited consideration of $1,000. (Appellants, Mr. and Mrs. Blackerby, retained possession of this property.)

September 25, 1930—Monarch Equipment filed suit on the note in the Fayette Circuit Court.

January 10, 1931—Theresa Moore refinanced the property and executed a note to Prudential Insurance Co. for $7,500 and a note to Commercial Acceptance Corporation for $1,200.

April 25, 1931—Monarch Equipment obtained judgment against W. F. Blackerby.

July 11, 1931—Monarch Equipment obtained judgment against Tillie Blackerby.

August 31, 1934—Theresa M. Moore reconveyed property to Tillie Blackerby for this recited consideration: "That the party of the first part for and in consideration of the full payment by party of the second part on July 17th, 1932 of a promissory note, dated and delivered to first party, May 12th, 1930 for the principal sum of $1,600.00 loaned to party of the second part * * *, and the further agreement by second party to assume the full payment of the unpaid balance of two certain mortgages secured by the property herein conveyed viz.: One mortgage for the principal sum of $7,500.00 in favor of the Prudential Insurance Company of America, * * *, and one mortgage for the principal sum of $1,200.00 in favor of the Commercial Acceptance Corporation of Lexington, Kentucky * * *."

July 6, 1937—Monarch Equipment Co. caused execution to be issued commanding the sheriff to cause the estates of Mr. and Mrs. Blackerby to satisfy the judgment.

July 12, 1937—Levy was made on the property at 229 McDowell Road.

August 1940—The corporate existence of Monarch Equipment was dissolved in accordance with statutes then in effect.

May 5, 1943—The deed from Theresa Moore to Tillie M. Blackerby, executed August 31, 1934, was recorded in the clerk's office.

May 7, 1943—Tillie M. and W. F. Blackerby conveyed the property to their daughter, appellant Margaret M. Blackerby, for the recited consideration of their love and affection and the assumption of various encumbrances attached to the property.

March 17, 1948—Monarch Equipment again levied execution on the property and also filed this suit to set aside the conveyance to Margaret M. Blackerby on the ground that it was without valuable consideration and that appellee's lien obtained by reason of the levy of its execution upon the property on July 17, 1937, was prior

and superior to all the rights of appellant, Margaret M. Blackerby, under her deed.

July 29, 1949—Property was sold by agreement and money paid into the court.

There is no contest in this case between the holders of the various mortgage encumbrances and Monarch Equipment as holder of the execution lien.

Appellants contend that the judgment entered was erroneous for the following reasons: (1) the named plaintiff (appellee) was a corporation that had been dissolved on July 31, 1940, therefore, there was no plaintiff in the case; (2) the stockholders of the dissolved corporation alone had capacity to sue; (3) the petition was defective; (4) the recitation that the deed from the parents to the daughter was made in consideration of love and affection did not preclude Margaret M. Blackerby from pleading and proving the true consideration; (5) the execution issued July 17, 1937, was void; (6) Monarch Equipment lost its lien because it failed to file a lis pendens notice; (7) the court erred in refusing to permit an amended petition to be filed in order to make the pleadings conform to the proof.

Appellants rely upon Ewald Iron Co. v. Commonwealth, 140 Ky. 692, 131 S.W. 774, to support their contention that Monarch Equipment was dissolved on July 31, 1940, and, therefore, did not have the capacity to institute an action in March 1948. In that case, Ewald, having acquired all the stock of a corporation, continued to do business under the corporate name after the corporation's charter had expired. A large cash surplus, which had belonged to the corporation, was deposited by Ewald to the corporation's credit in a bank in another state. It was held that ordinarily two years is a reasonable time for closing up the business of a corporation and where the provisions of the statute were entirely disregarded and Ewald's continuation of the business was in his individual capacity, such surplus would be regarded as his personal asset taxable in the county of his domicile.

It is true in the opinion in this case the court indicated that it believed two years was ample time to close the corporate affairs; still, in subsequent cases, the limitation has been broadened and the Ewald case distinguished from the subsequent cases. It has been stated that the two years' limitation applied in cases involving taxation, but has no application to the period in which the dissolved company may continue to function for the purpose of settling its affairs.

In Holliday v. Cornett, 224 Ky. 356, 6 S.W.2d 497, 498, we said:

"The rigorous rules of the common law by which all rights and liabilities of a corporation cease upon its dissolution have long since been modified by statute in this state; and now, even after dissolution, such corporation may continue to act for the purpose of closing its business and winding up its affairs. See Section 561, Ky.Statutes. The statute places no limitation on the time allowed for this purpose, but necessarily contemplates a reasonable length of time. In Ewald Iron Co. v. Commonwealth, 140 Ky. 692, 131 S.W. 774, it was held that two years were sufficient for the purposes of taxation. But, as pointed out in Young v. Fitch, 182 Ky. 29, 206 S.W. 29, that case has no application to the period in which the dissolved company may continue to act in settling its affairs, and it would seem that this must depend on the facts in the particular case. See Castle's Admr. v. Acrogen Coal Co., 145 Ky. 591, 140 S.W. 1034; Smith v. Commonwealth Land & Lumber Company, 172 Ky. 607, 189 S.W. 912; Young v. Fitch, supra."

In view of the fact that appellants, W. F. and Tillie Blackerby, have not denied the debt owed to appellee, we believe the holding that Monarch Equipment had power to continue to settle its affairs by the suit is warranted.

The foregoing conclusion relieves us of the necessity to discuss the second point raised by appellants.

Appellants insist that the petition is defective because it fails to negate an ex-

ception contained in KRS 378.020, Ky.St. § 1907, which reads as follows:

"Every gift, conveyance, assignment, transfer or charge made by a debtor, of. or upon any of his estate without valuable consideration therefor, shall be void as to all his then existing creditors, but shall not, on that account alone, be void as to creditors whose claims are thereafter contracted, *nor as to purchasers from the debtor with notice of the voluntary alienation or charge.*"

and cites authority to the effect that where one asserts a right which is conferred by statute subject to a specified exception, he must negative the exception if it is contained in the sentence or paragraph of the statute that creates and defines the right. Marshall v. Tully, 193 Ky. 246, 235 S.W. 726.

▆▆▆ We believe the force of the facts contained in the petition negates the exception which we have emphasized in the above quoted statute. Those facts which have been outlined in the first part of this opinion show exactly the manner in which appellee's cause of action arose, that is, as a creditor of Mr. and Mrs. Blackerby before the conveyance to their daughter, which is alleged to be without consideration. This positive declaration of facts, by its own force, negatives the idea that appellee is attempting to assert a right as purchaser from appellants, Mr. and Mrs. Blackerby, with notice of the voluntary alienation to their daughter, appellant Margaret M. Blackerby. The law should not require anyone to do a vain or useless thing, Ky. Title Co. v. Hail, 219 Ky. 256, 292 S.W. 817, and, after carefully stating the true facts, it is not required that a matter entirely foreign to those facts be denied.

▆▆▆ Appellants, under the fourth assignment of error, cite cases which support the rule to the effect that where a conveyance is set aside because of the fraud of a grantor, an innocent purchaser in some cases may be adjudged a lien on the property to the extent of a consideration which was paid, and insist that in this case no credit was given to Miss Blackerby for payments made by her in accordance with the rule. The trial commissioner who heard this case and the circuit court judge who entered final judgment on it were evidently of the opinion that Miss Blackerby was not an innocent purchaser and had not paid an appreciable amount on the property after the conveyance. We believe the record supports this conclusion and, therefore, the court exercised a sound discretion when it refused to admit an amended answer to be filed in which certain payments were alleged to have been made by Miss Blackerby. The amended petition, which purportedly was tendered and offered to be filed for the purpose of conforming the pleading to the proof taken, was properly rejected because it did not in fact conform to the proof.

▆▆▆ In determination of appellants' contention that the single execution in a case in which two judgments were entered against separate defendants is void, we adopt as our own the opinion of the trial court wherein it was said:

"The defendants (appellants) have cited a number of cases which they contend show that the single execution upon the two judgments was not valid. However, the facts in the cases cited are different from the case at bar, where the judgments upon which the execution was issued were rendered in the same action, upon the same petition, to enforce the payment of a note upon which both the defendants, W. F. Blackerby and Tillie M. Blackerby, were jointly liable. Undoubtedly, the law as laid down in 21 A.J. Executions, Sec. .54, p. 39, is applicable here. After stating cases in which a single execution could not be issued, the Section proceeds:

"'However, where, in an action against several, judgment is entered against some at one time and against others at another time, one execution may be issued against all.'

"The Court is of the opinion that a single execution was valid in this case."

Finally, it is contended that appellee lost its lien or right to a lien on the property by its failure to file the memorandum required by sections 382.440 and 382.450 of the Kentucky Revised Statutes. We believe this argument overlooks the fact that said Statutes were enacted for the purpose of protecting bona fide purchasers for value without notice of the previous levy of an execution. As we have heretofore indicated, we do not consider Miss Blackerby to be a bona fide purchaser for value.

We have found no substantial error in the record and the judgment is therefore affirmed.