CASE 77.—ACTION BY KRAUTH, &c., AGAINST HAHN, &c., TO
RECOVER A STRIP OF LAND.—November 15, 1901.

## Krauth, &c. v. Hahn, &c.

Appeal from Muhlenberg Circuit Court.

From the judgment plaintiffs appeal—Reversed.

1.  Title—Adverse Possession—Instructions.—This action was
    brought by appellants to recover of appellees' land claimed
    by each under title papers, which appear to cover the land
    in dispute. The land in dispute was, until a short time
    before bringing the suit, unenclosed woodland, and neither
    party lived within the lap. The court should have instructed
    the jury that a party may, by fifteen years adverse pos-
    session, ripen his holding into a title. whether he has any
    title of record or not. The possession of those claiming
    under the senior grant was to the extent of their boundary
    lines, or if the deed to appellants include the land in dis-
    pute, and appellants by their agents or tenants lived upon a
    part of the land embraced by their deed, they are held to
    have had constructive possession of all the land within
    their deed that was not in the actual possession of appellees.
2.  Champerty—Pleading.—The champerty statute may be taken
    advantage of whether pleaded or not, where the facts jus-
    tify it. Evidence of it may be given under the general issue
    and    an    instruction    based    upon    it..    It    is    error
    to    give    an    instruction    on    champerty    without    de-
    fining to the jury what actual possession would suffice
    to defeat a conveyance under this statute. To defeat a con-
    veyance under the champerty statute, there must be at the
    time of the conveyance some open demonstration of actual
    occupancy, whereby the person bargaining for the land may
    have some clue for ascertaining that it is in the adverse
    possession of another, and such as would naturally and
    reasonably put a purchaser upon notice of the fact of such
    hostile claim and holding.
3.  Evidence—Estoppel.—A party is bound to take notice of the
    recitals in the deeds and conveyances constituting his claim
    of title in so far as they affect his title. A vendee of lands

is such a privy to his grantor that recitals in a deed of record constituting a link of his chain of title that will amount to an estoppel against such vendor, will be available as an estoppel against the subsequent vendee.

JONSON & WICKLIFFE and W. H. YOST for appellant.

CHAS. EAVES and JOHN ALLISON for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

This action in ejectment was brought by appellants against appellees to recover the possession of a strip of land which appears to be embraced by the deeds under which they each are claiming. To run the lines of the patent under which appellants claim in one way and according to their theory would bring the disputed boundary within the lines of their deed. The parties respectively claim under two separate patents from the Commonwealth of Kentucky, issued in 1823 to the same person, and issued on the same day. But appellants claim under a patent for which the land was surveyed in 1800, while appellees claim under a patent for which the survey was made in 1803. Both patents continued to be owned by the same person until about 1862, when it appears that appellants' lands were sold by the sheriff to Earle Jr., and subsequently conveyed by Earle's heirs to appellants. The sheriff sold the lands claimed by appellees in 1864, and conveyed same to Norton and Gordon, who continued to hold it until after 1872. Norton and Gordon owned the land now claimed by appellees, while appellants owned the adjacent lands embraced in the senior Garris survey. During this time in 1872 appellants bought from Norton and Gordon a strip of land about two poles wide, extending along the line between the two tracts. The deed

conveying same contains the following description:

"A certain tract or parcel of land lying and being in the county of Muhlenberg, State of Kentucky part of Gordon & Norton land and particularly described as follows, viz: A strip of land two poles wide, running along a line beginning at a stake one pole west of two sugar trees, Fable & Krauth's corner in Gordon & Norton's line, running thence S. 27, E. 32 poles to a stake in the line of the right of way of the Elizabethtown & Paducah Railroad opposite the west end of the switch at McNary's station on said railroad; said strip of two poles in width with said line as the center line shall be used as a public road whenever said parties their heirs, executors or assigns shall cease to use the same for the purpose of a railroad track connecting their land with said Elizabethtown & Paducah Railroad."

The Fable and Krauth mentioned were the plaintiffs in this suit.

The establishment of the dividing line between the two tracts at the two sugar trees became an important, if not a controlling factor in determining this contest between these litigants. The deed from Norton and Gordon, who subsequently became the grantors of appellee, was pleaded in estoppel by appellants. In avoidance of it, appellee rejoined that she did not know in fact of the recitals in said deed, and was not aware that Gordon and Norton had so claimed same, and upon such state of facts attempted to put in issue that question. A demurrer was overruled to this plea, and this is the first question presented to us for our determination.

We are of opinion that appellee was bound to take notice of the recitals in the deeds and conveyances constituting her chain of title in so far as they

affected her title. A vendee of lands is such a privy to his grantor, that recitals in a deed of record constituting a link of his chain of title, that will amount to an estoppel against such vendor, will be available as an estoppel against the subsequent vendee. Therefore the demurrer to the rejoinder should have been sustained. W. A. Armstrong was directed by an order of the court to survey the lands as claimed by appellees and to file his report thereof. His report and the plat with it are filed as a part of the record, but instead of confining himself to the execution of the specific order made, he undertook to lay down lines of appellants' lands and it seems of numerous other tracts of land in that vicinity, which were in no wise in controversy, and which tend to confuse rather than simplify the issue. In his report he recited a number of facts, among which were such as that many years ago he had surveyed these lands, and other adjacent lands, and stating what he had found on those occasions, and making such statements a part of his report. Exceptions were taken to this report, which were overruled. The action of the court in this respect is the second matter presented.

We are of opinion that the exceptions to this report should have been sustained. It was not proper for the surveyor to include in his report the recitals of facts within the knowledge of the surveyor and acquired on an occasion different from that when the survey was being made, nor was it proper under the order of survey in this case for him to have either surveyed or platted lands other than the lines of the parties in controversy so as to show the particular land in controversy and the points and reasons of conflict. It was therefore error to have admitted

the report of the surveyor Armstrong in evidence before the jury. Instructions 1 and 2, given by the court to the jury, appear to us to be unobjectionable. Instructions 3, 4, and 5 are as follows:

"3. The court further instructs the jury that if they believe from the evidence that the tract of land claimed by plaintiff as containing —— acres has been continuously held and claimed adversely to all the world by plaintiffs through themselves or their tenants or persons under whom they claim under a title of record to a well defined and clearly marked boundary for fifteen years or over prior to the filing of the petition herein then they will find for plaintiff the land in controversy and nominal damages.

"4. If the jury believes from the evidence that Thomas G. Summers took actual, adverse possession of the tract of land in the deed to him from the sheriff Jenkins including the land in controversy as the second Garris survey and that the purchasers thereof from him have held such actual and adverse possession thereof continuously for fifteen years before the commencement of this action claiming up to a well defined and marked boundary that they should find for defendants as the land sought to be recovered of them in this action.

"5. If the jury believe from the evidence that Thomas G. Summers was at the time of the sale to the plaintiffs; Fable and Krauth by the deed dated September 30, 1862, was in the actual adverse possession of the land in controversy inside of the second Garris survey and covered by the deed from said sheriff to him then such sale and conveyance by Eaves to Fable and Krauth of the land if any there was thus adversely and actually held adversely by

Summers were champertous and void and passed no title thereto to said Fable and Krauth and they should find for defendants.''

It will be noted, that before plaintiffs are permitted by instruction 3 to recover upon a possessory title, the jury were required to find that appellants and those under whom they claimed had by themselves or tenants been in the continuous, adverse possession of the land to a well defined and clearly marked boundary for more than fifteen years, claiming under a title of record. This instruction, we think was erroneous, because a party may, by fifteen years adverse possession, ripen his holding into a title whether he has any title of record or not; and it may be true, and the jury may have believed that appellants have been in the actual adverse possession of the lands claimed by them for more than fifteen years, claiming to a well defined and marked boundary, yet that their title did not cover the land in dispute, and therefore they could not find for appellants.

It will further be observed, that the 4th instruction, which submits defendants' theory of the case to the jury does limit their possession to one under a title of record.

It is complained for appellants, that the 5th instruction should not have been given because the answer did not plead the Champerty Statute as a defense. This statute may be taken advantage of whether pleaded or not, where the facts justify it. Evidence of it may be given under the general issue. (Keaton v. Sublett, 22 Ky. Law Rep., 633.) However, this instruction on that subject was not in appropriate form.

We decided at this term in the case of Mayes v. Kenton 23 Ky. Law Rep. 1052, 64 S. W. 728, that it

was error to give such an instruction without defining to the jury what actual possession would suffice to defeat a conveyance under this statute. We there said, and here re-affirm that to defeat a conveyance under the Champerty Statute there must be at the time of the conveyance some open demonstration of actual occupancy whereby the person bargaining for the land may have some clue for ascertaining that it is in the adverse possession of another, and such as would naturally and reasonably put a purchaser upon notice of the fact of such hostile claim and holding. (Rice v. West, 21 Rep. 832.)

It further appears in this case, that the land in dispute was until a short time before the bringing of this suit unenclosed woodland; also that appellants and those under whom they claim by their tenants had for many years been living upon the senior Garris survey, and from the record we infer that appellee has for many years been living upon the junior Garris survey. Neither lived within the lap. Therefore the possession by those claiming under the senior grant was to the extent of their boundary lines. Or, if the deed from Eaves' heirs to appellants included the land in dispute and appellants by their agents or tenants lived upon part of the land embraced by their deed, they are held to have had constructive possession of all the land within their deed that was not in the actual possession of appellees. The jury should have been instructed accordingly.

It follows that the judgment must be reversed, and the cause is remanded for a new trial under proceedings consistent with this opinion.