CASE 8.—ACTION  BY  W.  H.  SALMON  AGAINST  GEORGE
SNADON.—Oct. 21, 1909.

## Snadon v. Salmon

Appeal from Todd Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Re-versed.

1. Covenants—Covenant of Warranty—Breach—Actions.—A gran-tee who has been evicted, or who has suffered such a loss as entitles him to sue on a covenant of general warranty, may sue a remote grantor who conveyed the land with warranty, and he is not confined to an action against his immediate grantor, but a grantee seeking to recover on a warranty in a deed made by a remote grantor, with knowledge of the fact that the conveyance was not intended to pass the title, but was only a mortgage, takes the place of the immediate gran-tee of the grantor whom he sues, and can occupy no better position than such grantee.

2. Covenants—Covenant   of   Warranty—Breach—Actions.—An agreement between a grantor in a deed with covenant of war-ranty, and the grantee therein, by which the latter relieves the former of liability on the covenant, does not operate as an estoppel on a subsequent or remote grantee or prevent him from suing on the warranty.

3. Covenants—Covenant of Warranty—Breach—Actions.—A pur-chaser purchased with notice of the character of the convey-ance his vendor took.  At the time of the conveyance to the vendor  his grantor was not invested with  title or  possession, but both remained in the original owner.  The vendor knew when he took the conveyance that the grantor only had a mort-gage.  Held, that the purchaser could not sue on the covenant of warranty in the deed by the grantor to the vendor, for he took the position of the vendor who could not recover on the covenant in the deed to him.

4. Covenants—Covenant of Warranty.—A convenant of warranty presupposes that the title to the property is conveyed, and,

where the title was not intended to pass, the grantee, if evicted, has not suffered any loss because he had no title.

S. WALTON FORGY for appellant. ·

### POINTS AND AUTHORITIES CITED.

1. The judgment of the lower court is inequitable and oppressive to appellant, causing him to bear the cost of appellee's wrongdoing.

2. The judgment of the lower court is contrary to the judgment of this court in the case of Jennings v. Salmon, 30 Ky. Law Rep. 168, which case should control the court in this action.

3. Salmon was not an innocent purchaser and could take only what Fort could give. Jones on Mortgages, Secs. 255, 339, 841, 841a and 842; Jennings v. Salmon, 30 Ky. Law Rep. 168; Gill v. Fugate, 117 Ky. 256; Washburn on Real Property, Sec. 985; Interstate Investment Co. v. Bailey, 29 Ky. Law Rep. 468.

4. The purchaser or mortgagee of land must inquire into the claims and rights of the party in possession. Possession alone is notice. Interstate Investment Co. v. Bailey, 29 Ky. Law Rep. 468; Graves v. Leathers, 17 B. Monroe 665; Jones on Mortgages, Secs. 339 and 255.

5. The testimony of witnesses, Mimms and Jennings, records show that Salmon had actual notice of Jenning's title.

6. If the instrument from Snadon to Fort and from Fort to Salmon be treated as deeds, then they are void. Ky. Statutes, Sec. 210.

7. The instruments being void no action can be maintained upon the warranty by Salmon or anyone else. Ky. Statutes, Secs. 210 and 216; Graves v. Leathers, 17 B. Monroe. 665; Crowley v. Vaughn 11 Bush, 517; Altemus v. Nickell, 115 Ky. 506; Caldwell v. Spriggs' Heirs, 7 Dana 38.

8. Snadon may rely upon this statute. Crowley v. Vaughn, 11 Bush 517; Altemus v. Nickell, 115 Ky. 506; Caldwell v. Spriggs' Heirs, 7 Dana 38; Ky. Statutes, Sec. 211.

9. The implied agreement to return the amount paid by Salmon only applies to Fort and does not extend to Snadon.

10. If this could be extended to Snadon it is barred by limitations. Graves v. Leathers, 17 B. Monroe, 665.

SELDEN Y. TRIMBLE for appellee.

### POINTS MADE BY APPELLANT'S BRIEF.

1. Appellee's alleged knowledge of the defect of title. Jones v. Jones, 87 Ky. 82; Pryse v. McGuire, 81 Ky. 608; 11 Cyc., page 1066; Interstate Investment Co. v. Bailey, 29 Ky. Law Rep. 468.

Snadon v. Salmon.

2. Res Adjudicata. Meade v. Ratliff, 118 S. W. 271; Scholl v. Hopper, 119 S. W. 771.

3. Champerty.—(a) Appellant's line of Cases.—Cardwell v. Sprigg's Heirs, 7 Dana 36; Graves v. Leathers, 17 B. Mon. 665; Crowley v. Vaughn, 11 Bush 517; Altemus v. Nickels, 115 Ky. 506, 24 R. 2401. (b) Appellee's line of Cases.—1 Morehead & Brown Statutes, pp. 285-6; 1 Revised Statutes, Chapter 12, pp. 226, &c.; Kentucky Statutes, Secs. 209 to 216; Hobson v. Hendrick, 7 K. L. R. 362; Marman v. Brewster, 7 Bush 355; Luen v. Wilson, 85 Ky. 503; Ft. Jefferson, &c. v. Dupoyster, 108 Ky. 792, 21 R. 515; Meade v. Ratliff, 118 S. W. 271; Madison Stock Yards v. Frasee, 30 Ky. Law Rep. 254; Smith v. Cornett, 30 Ky. Law Rep. 302.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In 1899 Albert Jennings conveyed with covenant of general warranty to George Snadon a small parcel of land. Afterwards Snadon conveyed with covenant of warranty the land to Fort, and in 1902 Fort conveyed with covenant of warranty to W. H. Salmon. After Salmon obtained title to the land, he brought suit against Jennings, who was in possession, to recover it, and succeeded in the lower court. From the judgment Jennings prosecuted an appeal to this court, and in an opinion that may be found in 98 S. W. 1026, 30 Ky. Law Rep. 168, it was held that the deed executed by Jennings to Snadon was in fact a mortgage to secure a debt due by Jennings to Snadon. In the course of the opinion the court further said: "Fort got from Snadon no better title than Snadon had. The facts that Snadon told Fort put him on notice as to the condition of the title if he did not know them before. The only title that Fort got he got from Snadon, and Snadon had nothing but a mortgage. Salmon lived in 250 yards of Jennings, and, aside from the proof showing that he had notice

vol. 135—4

of the infirmity of the title, the fact that Jennings was living on the land, giving it in for assessment in his own name and paying the taxes, was sufficient to put him on inquiry. On the whole case we are satisfied that the deed to Snadon should be treated as a mortgage, and we are also satisfied that the $73 paid by Jennings to Fort covered everything that was due upon the land.''

Upon a return of the case the petition of Salmon was in accordance with the opinion of this court dismissed, and a judgment entered adjudging Jennings his costs. Thereupon Salmon brought this suit against Snadon upon the covenant contained in his deed to Fort, basing his action upon the ground that, as he purchased from Fort, he was entitled to the benefit of the convenant contained in the deed made by Snadon to Fort. The lower court rendered a judgment in favor of Salmon, and Snadon appeals.

There is no doubt that a vendee who has been evicted, or who has suffered such a loss as would entitle him to maintain an action upon a covenant of general warranty, may bring his action to recover damages for the breach against a remote vendor who conveyed the land with covenant of warranty. He is not confined to an action against his immediate vendor. Thomas v. Bland, 91 Ky. 1, 14 S. W. 955, 12 Ky. Law Rep. 640, 11 L. R. A. 240; Hunt v. Orwig, 17 B. Mon. 74, 66 Am. Dec. 144; Cummins v. Kennedy, 3 Litt. 118, 14 Am. Dec. 45.

But, when a vendee seeks to recover on a warranty contained in a deed made by a remote vendor, with full knowledge of the fact that the conveyance was not intended to pass the title, he takes the place of the immediate vendee of the vendor whom he sues, and can occupy no better position than did such vendee.

If, as between A. and B., A. was not liable on his covenant, neither can he be made liable by any person to whom B. may convey, with notice of the fact that the conveyance of A. was a mortgage, and not a deed. Subsequent conveyances would not increase his responsibilities or obligations to vendees with such notice beyond what they were when he conveyed. Of the correctness of this proposition we think there can be no doubt. If a vendor could be held liable upon a covenant by a remote vendee, who purchased with notice of the fact that his conveyance was not intended to pass title, when he could not be held by his immediate vendee, it would follow that his liability would attach, not by virtue of his act or deed, but because of the act or deed of some other person with whom he had no privity of contract whatever. But, if one conveys a title with covenant of warranty, and at the same time or afterwards enters into some agreement or arrangement with his vendee by which as between them he is relieved of liability on his covenant or that would estop his vendee from looking to the warranty for indemnity, this would not operate as an estoppel on a subsequent or remote vendee, or prevent him from maintaining an action on the warranty. It is only when the remote vendee is chargeable with notice of the facts that work an estoppel on the person whose place he takes that he will not be permitted to assert any claim that such person could not make.

Assuming, then, that Salmon, who purchased with notice of the character of conveyance Fort took and who consequently occupies no better position than Fort did, is remitted to the rights and remedies of Fort, the question naturally arises, could Fort, if he had been evicted, have maintained an action against

Snadon upon the covenant contained in his deed?
Snadon only had a mortgage on the land.  At the
time of the conveyance to Fort he was not invested
with either the title or possession; both being in Jen-
nings.   Fort got from Snadon no better title than
Snadon had, and Fort knew when he took the con-
veyance from Snadon that he only had a mortgage.
If Snadon had been evicted, he could not recover on
the covenant contained in the deed made by Jennings,
and so it follows that Ford could not recover on the
covenant contained in the deed made to him by Sna-
don, as neither Jennings nor Snadon conveyed the
title.  A covenant of warranty presupposes that the
title to the property is conveyed.  If, in fact, the title
does not and is not intended to be conveyed, of course,
the vendee, if evicted, has not suffered any loss be-
cause he had no title to lose.  As said in Tiedeman on
Real Property, section 624: "But, in order that a
covenant may run with the land to assignees, the
grantee must by the conveyance acquire the actual
or constructive seisin.  If at the time of the convey-
ance the grantor had neither title nor seisin, nothing
passes by the deed, and the covenant remains in the
grantee, and cannot be enforced by an assignee."
This is not a case of a purchaser buying land with
chance of defects in the title.  Here the title can-
not and was not intended to be conveyed.  It may be
conceded to be settled law that the mere fact that the
vendee has notice of defects in the title at the time
of his purchase will not estop him from recovering
on a covenant contained in the deed he accepted.
Jones v. Jones, 87 Ky. 82, 7 S. W. 886, 9 Ky. Law
Rep. 942; 11 Cyc. 1066.  But this principle has
no application to the facts of this case.  To
permit Salmon to recover against Snadon on account

of the warranty contained in the deed to Fort would be to permit Salmon, who must be treated as having notice of the character of the conveyances, to occupy a better position than Fort did, and to disregard the rights of Snadon as between himself and Fort.

The judgment is reversed, with directions to dismiss the petition.