## Kentina-Puckett Corporation v. Simpson

(Decided October 27, 1922.)

### Appeal from Harlan Circuit Court.

1. Champerty and Maintenance—Adverse Possession.—A deed obtained at a time when the land attempted to be conveyed was in the actual adverse possession of another is champertous and void, and the defense may be relied on if the evidence establishes it without a special plea setting it up.

2. Landlord and Tenant—Attornment—Fraud.—An attornment by the tenant to a stranger without the consent of the landlord is void, but for the attornment to be invalid the relationship of landlord and tenant must be legally created, and it is not so done where the tenant was induced to sign the lease contract under the fraudulent representations that it only embraced other land and did not include the land in controversy, and such fraud is perpetrated when the tenant can not read or write and the agent of the landlord who took the lease misread it to him.

JAMES H. JEFFRIES for appellee.

W. A. BROOK for appellant.

Opinion of the Court by Judge Thomas—Affirming.

This action in ejectment brought by appellant and plaintiff below, Kentina-Puckett Corporation, against appellee and defendant below, Henry C. Simpson, involves the title to a small parcel of land in Harlan county containing between four and five acres.    Defendant denied plaintiff's ownership and asserted title in himself; he also interposed a plea of champerty, but which was unnecessary since that defense is available if sustained by the evidence without a special plea. Section 212, Kentucky Statutes; Krauth v. Hahn, 139 Ky. 607; Keaton v. Sublett, 109 Ky. 106; Shaw v. Revel, 21 Ky. L. R. 348, and O'Bannion v. Goodrich, 23 Ky. L. R. 313.

A trial before a jury, under fair and proper instructions of the court submitting the various contentions relied on, and for which there was evidence to support, resulted in a verdict for defendant followed by a judgment dismissing the petition.    Plaintiff's motion for a new trial was overruled and it appeals, and through its counsel contends, that the court erred in refusing to sustain its motion for a peremptory instruction in its favor; in declining to give the jury instruction "A" offered by it, and in giving to the jury instructions 1 and 2 on its own motion.

Each party claimed under only a possessory title; neither of them attempted to trace a record title to the Commonwealth, and the defense of champerty is directed to the deed obtained by plaintiff's immediate vendor, Kellioka Coal and Coke Corporation, from J. B. Noe on April 25, 1911, which corporation conveyed the land to plaintiff on November 23, 1917. Noe claimed the title under two deeds, one dated September 3, 1907, from Matilda Simpson (nee Osborn), a former wife of John Simpson, and from whom he was divorced and afterwards married Elizabeth Simpson, and the other from John Simpson and his wife, Elizabeth Simpson, of date January 18, 1908.    John Simpson claims to have bought the land under an oral contract from one Jackson Blanton, who obtained it from Osborn, the father of Simpson's first wife, but the contract of purchase was oral and its date is not given.    However, John Simpson testified that, "We lived on it from thirteen, fourteen, fifteen years," but he stated later in his testimony that, "I am satisfied I stayed on it fifteen years."

When John Simpson and his first wife, Matilda, separated and were divorced, she and some of her children

remained on the land, and Simeon W. Saylor, defedant's
father-in-law, purchased from Matilda Simpson (nee
Osborn) her entire interest in the land and took posses-
sion of it.  He afterwards obtained a deed for it from
Calvin Blanton and wife of date March 5, 1906, and it is
in evidence by himself and others that he held possession
of the land from that time until he contracted by title
bond on March 23, 1915, to sell it to defendant.  Simeon
W. Saylor never personally occupied the land in contro-
versy, but he did so through his sons, and his son-in-law,
the defendant, as tenants, the latter taking possession as
his tenant some time prior to April 25, 1911, when plain-
tiff's immediate vendor obtained its deed, and, accord-
ing to the proof for defendant, he was in possession of
the land as the tenant of Simon W. Saylor at the date of
that deed. On the other hand, plaintiff exhibits three lease
contracts, dated in the month of January in the years
of 1912, 1914 and 1915, whereby defendant leased from
Kellioka Coal and Coke Corporation a certain described
tract of land containing more than fifty acres, which em-
braced the small tract involved, in consideration of cer-
tain specified supervisory duties to be performed by
him, and the payment by him to the lessor of the sum of
ten dollars for each of the years covered by the written
leases, and it is the contention of plaintiff that defendant
could not and did not obtain the adverse title of Simeon
W. Saylor under the writing which the latter executed
to him of date March 23, 1915, while occupying the land
as tenant of the Kellioka Coal and Coke Corporation,
since he will not be permitted to acquire a superior title
to that of his landlord and aftedwards assert it against
the latter.  Many cases are cited in support of the legal
proposition relied on and its correctness is not and could
not be disputed by counsel for defendant.   However,
before that doctrine of the law may be invoked the rela-
tionship of landlord and tenant must be legally created.
Defendant testified that he could neither read nor write,
which fact is evidenced by his signing his name by mark,
and that Noe, who at the time was acting as agent for the
Kellioka Coal and Cake Corporation, presented to him
the several lease contracts relied on, and while he was
occupying the land in controversy, as the tenant of Sim-
eon W. Saylor, and represented to him that the leases
covered other and different land from the four or five
acres in controversy, which other land was immediately
across Jesse's creek from the small tract in controversy

and included a small portion of cleared land lying next. to the disputed land, which, under the terms of. the lease, as read to and understood by defendant, he was to have the right to cultivate and the right to obtain firewood from other portions of the land across the creek from his, all in consideration of his paying ten dollars per year, and exercising a supervisory watchfulness over all land beyond the creek. His testimony on this point is not positively denied by any witness; on the contrary, J. B. Noe testified that he did not know who was living on the land in controversy on the 25th day of April, 1911, or at the date of the first lease to defendant, and that at the date of that lease he had information that, "Henry Simpson (the defendant) or his wife had a contract on that land," meaning the same as that involved in this action.

Under the above facts, the court told the jury that if it believed that Simeon W. Saylor was in the actual adverse possession of the land in controversy, either by himself or tenants, at the date of the deed to the Kellioka Coal and Coke Corporation, and that he remained so until he executed the bond for title to the defendant on March 23, 1915, then the jury should find for the defendant. In another instruction the jury were told that if it believed from the evidence that the land was in the actual possession and occupancy of plaintiff by its tenant, the defendant, Henry Simpson, under the lease before mentioned, at the date the latter obtained his bond for title, then a verdict should be returned for plaintiff. unless the lease contracts were procured by fraud, whereby defendant was induced to sign them through misrepresentations of the agent of the Kellioka Coal and Coke Corporation as to the land covered by them, and if the jury so believed it would find for defendant. There was abundant evidence to support the various issues involved in the instructions and we entertain no doubt as to their correctness under the testimony in the case. Of course, the defendant could not attorn to Simeon W. Saylor while he was legally the actual tenant of the Kellioka Coal and Coke Corporation, and *vice versa*, he could not attorn to it, as plaintiff contends he did, by executing the lease contracts referred to when he was tenant of Simeon W. Saylor, without the consent of his respective landlords. Cases forbidding such attornments are: Chambers v. Pleak, 6 Dana 426; Turner v. Thomas, 13 Bush 518; Trabue v. Ramage, 80 Ky. 323;

Ratcliff v. Bellfonte Iron Works Co., 87 Ky. 559; Terry v. Terry, 23 Ky. L. R. 2242, and Ky. Coal Lands Co. v. Baker, 155 Ky. 344.

As we have seen, there was abundant evidence to show that defendant was occupying the land as the tenant of Simeon W. Saylor at the time plaintiff's immediate vendor obtained its title, and if so that deed was champertous and the court correctly submitted that issue to the jury. There was also evidence to sustain defendant's contention that he was fraudulently induced to execute the leases relied on by plaintiff, and if that was true he never legally became the tenant of plaintiff or its immediate vendor as to the land in contest, and he was not estopped to deny its title, but on the contrary was compelled to attorn to and acknowledge the title of his true landlord, Simon W. Saylor. As we have seen, the second instruction properly submitted those issues to the jury and it is not contended that the verdict determining them in favor of defendant was not supported by sufficient evidence.

The judgment is, therefore, affirmed.