## Petrey, et al. v. Adkins, et al.

(Decided October 12, 1923.)

### Appeal from Whitley Circuit Court.

1. Boundaries—Deed Construed as to Boundaries.—A call in a deed, "thence crossing the road east with the old line to the corner in the gap of the ridge between Mud and Cain creek," held to include the property involved, though the boundary, as to such call, would include several lines, and not one straight line.

2. Pleading—Duty to Render Judgment for Defendants, Where Pleas Not Controverted.—Under Civil Code of Practice, section 126, providing that material allegations must be taken as true unless traversed, except as provided, in an action to recover a tract of land, where pleas of adverse possession and champerty were not controverted, it was the duty of the court to render judgments for defendants, or to direct a verdict in their favor if the trial was by a jury.

3. Appeal and Error—Denying Trial by Jury Immaterial.—Where under the pleadings it was the duty of the court to direct a verdict for defendants or render judgment for them, it was immaterial that the court erred in overruling plaintiffs' motion for a jury trial

STEPHENS & STEELY for appellants.

H. C. GILLIS for appellees.

Opinion of the Court by Judge Thomas—Affirming.

The subject matter of this litigation is the ownership and the right to the possession of a tract of land in Whitley county containing some forty or fifty acres. The petition filed in the Whitley circuit court by appellants and plaintiffs below, Mary L. Carr Petrey and others, against appellees and defendants below, John Adkins and others, alleged ownership of the land by plaintiffs and that defendants were wrongfully in the possession of it and committing trespasses thereon by cutting and marketing timber therefrom. The answer denied plaintiffs' title and alleged title in the defendants and contained a plea of title by adverse possession and the defense of champerty, neither of which were controverted by reply or by an order of court. The proof was taken by depositions either by agreement of parties or by their acquiescence. After it was completed on both sides and the depositions filed, plaintiffs entered motion to transfer the case to the ordinary docket for trial by a jury, which the court overruled and submitted the case as an equity one, and after hearing the proof dismissed the petition, which was followed by plaintiffs prosecuting this appeal.

The case is greatly simplified because of a stipulation entered into between the parties and filed in the cause in which it is agreed that plaintiffs and defendants "claimed title to the land in controversy from a common source, to-wit, from said David Adkins, Jr." A chain in the title of defendants is a deed executed by David Adkins, Jr., to Enoch Bird (through whom defendants claim) on April 11, 1864, and it is stipulated that defendants hold a connected chain of title from Bird to themselves. So that, if the description contained in the Bird deed includes the land in controversy, the judgment was proper. There is no dispute between the parties as to the location of the calls and boundaries of that deed until the tenth call is reached. It reads: "Thence crossing the road east with the old line to the corner in the gap of the ridge between Mud and Cain creek." The remaining two calls are: "Thence north to Adkins' old corner, a white oak; thence to the beginning." The "old line," referred to in the tenth call, was a line in the exterior boundary of a prior patent issued to David Adkins, Sr., who was the father of David Adkins, Jr., at the terminus of which plaintiffs claim there is a "gap of the ridge" and that it

was the intention of the parties to run the next or eleventh line in the deed from that gap to the white oak mentioned in the eleventh call and which was also a call in the prior patent, and if that should be the correct interpretation as to the eleventh line in the deed, then the land in controversy is not included therein and plaintiffs should recover.

On the other hand defendants contend that the designation, "old line," in the tenth call of the deed, was not intended to refer *only* to the particular straight line between calls nine and ten of the prior patent (the same as in the deed), but that it was intended for that call to run around with the exterior boundaries of the prior patent to another proven gap of the ridge between Mud and Cain creeks and from that gap north to the white oak corner, and from thence to the beginning, which, if true, would include the land in the Bird deed and entitle defendants to recover. It is conceded by plaintiffs that if the Bird deed had used the plural, "lines," in its tenth call, instead of the singular, "line," then defendants' interpretation would be the correct one.

In construing the deed we are not disposed to give to the call in controversy therein such a narrow and technical application, or to measure the rights of the parties by such technical rule, since it may be conceded that there is room for the position taken by each of the parties litigant. Looking alone to the language of the tenth call, it is consistent therewith to conclude that the grantor in the Bird deed referred therein to only one line of the exterior boundary of the prior patent; while it is likewise consistent to conclude that he referred to and intended that the exterior boundaries of the prior patent should be followed around to the "gap in the ridge" as located by defendants, and that he designated that boundary from the tenth call to the gap in the ridge as the "old line," although it consisted of more than one, which latter conclusion was sustained by us in the case of Bell v. Powers, 121 S. W. (Ky.) 991, and which involved the construction of language similar to that employed in the deed under consideration.

The question, therefore, becomes one of intention, which must be determined by the proven facts and circumstances in the case, and we think they sustain the defendants' interpretation of the deed. There is proof that there is a swag, and what might be considered a gap

in the ridge, at the point contended for by plaintiffs and also proof of an equally well defined gap at the point contended for by defendants, and the lines of the old patent run around to that point from call ten in the Bird deed. From that gap to the white oak lacks only one degree of being due north, which corresponds to the eleventh call in the Bird deed, whereas to adopt plaintiffs' construction the call from the gap in the ridge, as located by them, would follow a course "north 62 degrees east," thus radically departing from the eleventh call in the same deed. Moreover, it is proven without contradiction that David Adkins, Jr., through whom plaintiffs claim, construed the deed he executed to Bird as including the land in controversy, and that he expressly recognized the title of the latter thereto. There are other proven facts and circumstances, more or less fortifying the contention of the defendants as to the proper interpretation of the Bird deed, but which we do not deem it necessary to refer to. So that, on the merits of the case, we have no hesitancy in concluding that the court correctly interpreted the Bird deed so as to sustain defendants' title to the land. But, were we of a different opinion, the judgment should be affirmed for reasons stated below.

As we have seen, neither the plea of adverse possession nor the one of champerty was controverted, and not being so it was the duty of the court to render judgment in favor of defendants or to direct a verdict in their favor if the trial had been by a jury. Civil Code, section 126; Hall v. Mineral Development Co., 31 Ky. L. R. 863; Bassett v. Lush, 156 Ky. 490, and Reynolds v. Binion, 177 Ky. 189. Other cases from this court could be cited as sustaining the same rule of practice, but we deem it unnecessary to encumber this opinion with them, since the rule is thoroughly established and universally followed, unless the issue be one which under express provisions of the law must be proven although not controverted. It is true that in the Reynolds case and in the case of Kentina-Puckett Corporation v. Simpson, 196 Ky. 246, it was held that the defense of champerty might be taken advantage of under a general denial and without being expressly pleaded, but it was further held in the Reynolds case that it was competent to expressly plead it, and if done it should be controverted in some legal manner, and if not so done it would constitute a complete defense. That be-

ing true, the objection that the court erred in overruling plaintiffs' motion for a jury trial becomes of no avail, since if the court had sustained the motion and tried the case before a jury, a directed verdict in favor of defendants necessarily would have followed.

Finding no error in the judgment, it is affirmed.