## Morton v. Roll, et al.

(Decided November 16, 1923.)

### Appeal from Muhlenberg Circuit Court.

1. Mortgages—Grantor Entitled to Relief from Deed Intended as a Mortgage.—Where a deed absolute in form was intended as a mortgage, the grantor was entitled to relief therefrom not only as against the grantee but as against others who accepted deeds or mortgages from grantee with full knowledge that the deed was in fact a mortgage.

2. Judgment—Judgment Held Not to Affect Rights of Persons Not Parties.—Judgment of dismissal pursuant to agreement of parties that an instrument in the form of an absolute deed was in fact a mortgage did not affect the rights of grantee's successors in interest not parties to the action.

3. Mortgages—Petition Held to State Cause of Action on Agreement that Deed was Mortgage.—In an action by one who executed an instrument in the form of an absolute deed to have it declared a mortgage, petition held to state a cause of action on written contract entered into subsequent to the execution of the deed wherein the parties agreed that the instrument was in fact a mortgage.

4. Frauds, Statute of—Contract Not Within Statute Where Performance Possible Within Year.—A contract giving the parties two years in which to perform their obligations thereunder was not within the statute, where complete performance was easily possible within a year.

T. O. JONES for appellant.

W. C. JONSON, J. A. JONSON, HUBERT MEREDITH and TAYLOR, EAVES & SPARKS for appellees.

Opinion of the Court by Judge Clarke—Reversing.

In April, 1915, appellant conveyed to appellee Roll seven tracts of land by a deed that upon its face is absolute, but which they later agreed in writing was simply a mortgage to secure an indebtedness of $3,600.00.

By his petition herein appellant sought to have the deed declared a mortgage to secure the payment of the $3,600.00, and to cancel several deeds and mortgages which Roll and his vendees had executed for or upon different parts of the land. All of these parties were made defendants and it was alleged that they accepted the deeds or mortgages with full knowledge of the fact that the deed to Roll was only a mortgage, and that he had no right to sell or mortgage same to them.

All of these transactions are minutely detailed in the petition and amendments thereto covering more than forty typewritten pages, and, as to the defendants other than Roll, an adjustment of equities is sought if a cancellation of the deeds or mortgages to them is denied. That this may be done, it is asked that all defendants be temporarily enjoined from disposing of the land or their claims against same, and be required to set up their several claims; that those having liens against any of the property be required to exhaust alleged liens on other property before enforcing same against this land; and, that plaintiff have a judgment against Roll for any sum found to be due him in excess of the $3,600.00 upon a settlement of these transactions.

Separate demurrers, of all defendants who appeared, to the petition as amended were sustained, and, after plaintiff had declined to plead further, his petition was dismissed as to each of the appellees. Whether or not the court erred in sustaining these several demurrers is the only question before us.

There is no merit whatever in the contention that the demurrers were properly sustained upon the ground the deed was executed to Roll by plaintiff for the fraudulent purpose of cheating the latter's creditors, since there is nothing in the petition to indicate that the deed was executed for any such purpose.

It is likewise clear, we think, that the petition states a cause of action not only against Roll but against all parties claiming any part of or lien upon the land through him, and for an adjustment of the whole matter upon

equitable principles (Snadon v. Salmon, 135 Ky. 47, 121 S. W. 970), unless, as claimed, because of allegations therein that a former suit instituted by plaintiff against appellees Roll and Drake for the same relief as sought here was dismissed, settled by agreement of all parties thereto.

The judgment in the former suit could not affect appellees, the Old State National Bank and Citizens' National Bank, since they do not appear to have been parties thereto. Besides, their liens are alleged to have been created since that time, with full knowledge upon their part of the alleged condition of the title. Hence their demurrers to the petition should have been overruled.

Conceding that appellant is precluded by the judgment in the former case from relitigating with Roll the matters therein set up, he yet states a cause of action for all the relief he now seeks against him upon the written contract which induced that judgment, and the court erred in sustaining his demurrer to the petition herein.

Appellee Drake therefore is the only defendant whose demurrer to the petition was sustained who possibly could avail himself of the judgment in the former case, and, as it is alleged, one of the deeds was executed before and the other after that judgment, with full knowledge of all of the alleged facts the petition very clearly states a cause of action against him, at least in so far as concerns the latter transaction, and for this reason alone his demurrer should not have been sustained.

But there is yet another reason why all of these demurrers should have been overruled. The petition alleges that each of the defendants in the former action knew of and agreed to the terms and conditions upon which it was dismissed and as set out in the written contract signed only by plaintiff and Roll; that in consideration, and by reason thereof, plaintiff was induced to agree to the dismissal. If these allegations be true, as upon demurrer they must be regarded, then the petition states a cause of action against all the defendants, based not upon the original cause of action as set out in the former suit and determined by the judgment therein, but rather upon the agreement of the parties upon which that action was dismissed. That this would have been true if all parties had signed the written contract is conceded, but it is insisted that the alleged contract is within the statute of frauds because not to be performed within one year,

and is therefore not binding upon those agreeing thereto who did not sign it. This would be true if as matter of fact the alleged contract is within the statute of frauds, but it is not.

By the contract, as alleged, the parties were given two years in which to perform their obligations thereunder, but its complete performance within a year, or even much less time, was easily possible, and for this reason, under the many decisions of this court, the contract is not within the statute. Stowers v. Hollis, 83 Ky. 544; 7 R. 549; Howard v. Burgen, 4 Dana 137; Myles v. Myles, 6 Bush 237; Fain v. Turner, 96 Ky. 634, 16 R. 719, 29 S. W. 628; Myer v. Korb, 21 R. 163, 50 S. W. 1108; Dickey v. Dickinson, 105 Ky. 748, 20 R. 1559, 49 S. W. 761; East Tenn. Tel. Co. v. Paris Electric Co., 156 Ky. 763, 162 S. W. 530.

Wherefore the judgment is reversed, and the cause remanded for proceedings consistent herewith.