## Colson's Administrator, et al. v. Johnson.

(Decided March 27, 1925.)

### Appeal from Bell Circuit Court.

1. Champerty and Maintenance—Warranty Deed Held Void, as Champertous, to Extent it Conveyed Land in Adverse Possession of Another, and to which Grantor had no Title.—In view of Ky. Stats., section 210, warranty deed held void, as champertous, to extent it attempted to convey land in adverse possession of another, and to which grantor had no title.

2. Estoppel—Title to Land Subsequently Acquired by Grantor by Inheritance Held Not to Inure to Benefit of Grantee.—Where warranty deed was void, under Ky. Stats., section 210, as champertous, to extent it conveyed 50 acres in adverse possession of grantor's father, title subsequently acquired by grantor by inheritance held not to inure to benefit of grantee, notwithstanding express warranty of title in champertous deed.

LEWIS F. DEBUSK for appellants.

ISHAM G. LEABOW for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

When this equitable action came on for final trial before the chancellor a number of parties and issues had been eliminated and there was left for trial and judgment only the issue as between appellants, W. G. Colson's Admr., etc., and appellee, J. S. Johnson, as to whether Colson's administrator or Johnson was entitled to the proceeds of certain timber cut from the land and as to whether Colson's heirs or Johnson was the owner of a 50-acre tract of land situated in Bell county, Kentucky. The chancellor found for Johnson and dismissed appellants' petition. Hence this appeal.

It is disclosed by the record that the 50-acre tract of land in controversy between appellants and appellee is the same 50-acre tract of land which this court in Owens v. Colson, etc., 22 Ky. L. R., page 1566, held to be the property of Willis Johnson. Reference to that opinion discloses that Willis Johnson had entered and surveyed the 50-acre tract of land but had never had the same patented. He had lived on it for 30 years or more. His son, appellee, J. S. Johnson, and appellants' intestate, W. G. Colson, the latter furnishing the money incident to the survey, entry and patent, had 100 acres of land

patented to J. S. Johnson, which included the Willis Johnson 50-acre tract. J. S. Johnson then conveyed the entire 100-acre tract so patented to Colson by general warranty deed. Willis Johnson was made a party to and signed the deed but never acknowledged it. This court held that owing to Willis Johnson's entry upon and long continued adverse possession of the 50-acre tract included within the 100 acre boundary, and due to the fact that he did not acknowledge the deed made to Colson, he had acquired and there never passed from him the title of the 50-acre tract of land.

In the case now before us J. S. Johnson claims that 50-acre tract by inheritance from his father, Willis Johnson, and appellants claim title to it under the covenant of warranty contained in the deed by which J. S. Johnson attempted to convey the entire 100-acre tract to him in January, 1888; it being their contention that his after acquired title by inheritance from his father inured to the benefit of W. G. Colson under the warranty of title contained in that deed.

This court, in the Owens case, *supra*, expressly held that owing to Willis Johnson's actual possession of the 50-acre tract now in controversy at the time the deed from J. S. Johnson to W. G. Colson was executed, and due to the fact that he had been in the actual, adverse possession of it for 30 years or more prior thereto, J. S. Johnson's attempted conveyance of it to W. G. Colson in 1888 was not effective for that purpose. From the fact that Willis Johnson and his wife were made parties to the deed of 1888, and the fact that Colson, the grantee, appears to have had full knowledge of his entry and survey and long, continuous, actual possession of the 50-acre tract included in the 100 acre boundary conveyed by that deed, it would not be unreasonable to conclude that by the deed in question it was intended that Willis Johnson was conveying his 50 acres to Colson and J. S. Johnson was conveying his 50 acres, and that by the warranty each grantor warranted only the title of his particular 50 acres. However, it is unnecessary to decide that question. Granting that by that deed J. S. Johnson undertook to convey not only his 50 acres but also the 50 acres then in the actual, adverse possession of his father, Willis Johnson, it appearing that W. G. Colson had full knowledge of that fact, in view of the provisions of section 210, Kentucky Statutes, the deed to that extent was champertous and void. The deed being void in so far as

it attempted to convey the 50 acres then in the adverse possession of Willis Johnson, the warranty of title to that extent likewise was void.

In Altemus, etc. v. Nickell, 115 Ky. 506, 24 R. 2401, 74 S. W. 221, we held that when a vendor conveys and warrants certain land to a part of which he has no title and which part is adversely held by' another, if the vendor afterwards acquires title to such part, the after acquired title does not inure to the benefit of the purchaser; and the reason for so holding was that the attempted conveyance and warranty as to the land adversely held by another was void and invested the purchaser with no rights in view of the provisions of section 210, Kentucky Statutes. See also Graves v. Leathers, 17 B. Monroe 665; Crowley v. Vaughan, 11 Bush 517; and Cardwell v. Sprigg's Heirs, 7 Dana, 36. Therefore, the deed from J. S. Johnson to W. G. Colson, executed in 1888, in so far as it attempted to convey the 50 acres of land now in controversy, was champertous and void, even to the warranty clause. It follows that the title of that tract of land subsequently acquired by J. S. Johnson by inheritance from his father did not inure to the benefit of W. G. Colson. For that reason the learned chancellor properly dismissed appellants' petition.

Wherefore, the judgment is affirmed.