## Pioneer Coal Company et al v. Asher.

(Decided November 27, 1928.)

### Appeal from Bell Circuit Court.

1.  Limitaiton of Actions.—Covenant of general warranty is a real covenant running with the land for benefit of remote vendee, and cause of action accrued thereon after eviction, and not when deed was made, and limitation began to run when an eviction occurred.
2.  Limitation of Actions.—Where grantor has previously conveyed fee or severed his separate estate, such as mineral rights, covenant of future warranty as to such part is broken when made, and cause of action accrues at once.
3.  Champerty and Maintenance.—Where land is attempted to be conveyed when in the actual possession of a third person, the deed is by virtue of Ky. Stats., sec. 210, void to the extent of such adverse possession.
4.  Limitation of Actions.—Cause of action on general warranty accrues at once, where grantor does not own any land, but only holds a mortgage thereon and attempts to convey title to vendee, who is aware of the facts.
5.  Champerty and Maintenance.—Adverse possession sufficient to render a conveyance void under Ky. Stats., sec. 210, must be an actual adverse possession to a well-defined or well-marked boundary manifested by some act or fact sufficient to appraise others that some one has exclusive possession.
6.  Judgment.—Decree of federal court quieting title as against grantee holding under general warranty held not res judicata as to question of adverse possession as between parties to subsequent action on general warranty who were not adversary parties in the

action in federal court, though decree was competent to establish an eviction.

7. Corporations.—A corporation has existence beyond the life of charter for the purpose of winding up its affairs within a reasonable time, depending on the circumstances of the case.

8. Corporations.—A corporation dissolved three years before institution of action for breach of covenant of general warranty held a proper party to be joined in such action upon warranty in a chain of title which affected it.

JAMES H. JEFFRIES and C. K. CALVERT for appellants.

JAMES M. GILBERT and R. L. POPE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This is an action to recover damages for the breach of a covenant of general warranty contained in a conveyance of real estate. On May 10, 1907, A. J. Asher, in consideration of $35 an acre, conveyed with general warranty to the Edgemont Coal Comany 35 separate tracts of land in Bell county, Ky., among which was a tract containing 93.4 acres. On August 15, 1911, the Edgemont Coal Company, in consideration of $57.50 an acre, conveyed the land with like warranty to the Pioneer Coal Company of Kentucky. On November 1, 1922, the Pioneer Coal Company of Kentucky conveyed the land to the Pioneer Coal Company of Delaware. On March 16, 1922, Taylor & Crate, a corporation, instituted an action in equity in the United States District Court for the Eastern District of Kentucky, against the Pioneer Coal Company of Kentucky, to enjoin it from trespassing on the 93.4 acres of land and to quiet its title to 77 acres. On October 29, 1922, the Pioneer Coal Company of Kentucky notified A. J. Asher in writing of the pendency and purpose of the action in the federal court and called upon him to defend his covenant. When the notice was served upon Asher, he came forward and assisted in the defense of the action. It resulted, however, in a judgment in favor of Taylor & Crate, which was affirmed by the United States Circuit Court of Appeals for the Sixth Circuit. Pioneer Coal Co. v. Taylor & Crate, 5 F. (2d) 770. The mandate of the United States Circuit Court of Appeals was filed on June 23, 1925. This action was instituted on December 7, 1925, by the Pioneer Coal Company of Kentucky and the Pioneer Coal Company of Delaware against A. J. Asher to recover damages upon

the covenant of general warranty contained in the deed of May 10, 1907, and for costs and counsel fees incurred and expended in defending the action by Taylor & Crate.

The defendant relied upon the statute of limitations, a claim that the land lost was in the adverse possession of another at the time the deed containing the covenant of warranty was made, that the Pioneer Coal Company of Kentucky had ceased to exist as a corporation and could not maintain a suit, and various other defenses which will be noticed as the opinion proceeds. At the conclusion of the evidence for the plaintiffs the trial court instructed the jury peremptorily to find a verdict for the defendant. A motion for a new trial was denied, and the plaintiffs appeal.

It is first insisted that the action was barred by the statute of limitations of 15 years. This argument is predicated upon two contentions. (1) That all the land was in the adverse possession of a third person under a superior title when the deed was made, and hence the covenant was broken at that time; and (2) that the cause of action accrued when the deed was made, and, 15 years having elapsed since that time, no action could be maintained on a covenant therein contained. A covenant of general warranty is a real covenant running with the land for the benefit of remote vendees. A cause of action accrues thereon when there has been an eviction from the land, and not when the deed is made, and limitation begins when an eviction occurs. Jones v. Jones, 87 Ky. 82, 7 S. W. 886, 9 Ky. Law Rep. 942; Grant v. McArthur's Ex'rs, 153 Ky. 356, 155 S. W. 732; Walker v. Robinson, 163 Ky. 618, 174 S. W. 503; Thomas v. Bland, 91 Ky. 1, 14 S. W. 955, 12 Ky. Law Rep. 640, 11 L. R. A. 240; Graham v. Dyer, 29 S. W. 346, 16 Ky. Law Rep. 541, Pioneer Coal Co. v. Asher, 210 Ky. 498, 276 S. W. 487.

It is true that certain exceptions to the rule stated may be found in the decisions. Where the grantor has previously conveyed the fee or severed therefrom a separate estate such as the mineral rights, the covenant as to such part is broken when made, and the cause of action accrues at once. Foxwell v. Justice, 191 Ky. 749, 231 S. W. 509; Eli v. Trent, 195 Ky. 26, 241 S. W. 324.

Likewise when land is attempted to be conveyed while in the actual adverse possession of a third party, the deed is void to the extent of such adverse possession

by virtue of section 210, Kentucky Statutes. Colson's Adm'r v. Johnson, 208 Ky. 684, 271 S. W. 1033; Pioneer Coal Co. v. Asher, 210 Ky. 498, 276 S. W. 487.

Still another exception exists where the grantor does not own the land, but holds only a mortgage thereon, and attempts to convey title to a vendee who is aware of the facts. Snadon v. Salmon, 135 Ky. 47, 121 S. W. 970. But none of these recognized exceptions are presented in this case, and the general rule of law applies.

The evidence does not show that the land from which plaintiff was evicted was in the actual adverse possession of a third party at the time defendant made the deed. A possession which will render a conveyance void under the statute must be an actual adverse possession to a well-defined or well-marked boundary, manifested by some act or fact sufficient to apprise others that some one has the exclusive possession. Le Moyne v. Neal, 158 Ky. 316, 164 S. W. 964; Mayes v. Kenton, 64 S. W. 728, 23 Ky. Law Rep. 1052; Krauth v. Hahn, 139 Ky. 607, 65 S. W. 18, 23 Ky. Law Rep. 1261.

There is nothing in this record to show any such adverse possession when the deed was executed. But it is argued that the decree of the federal court was a determination of the fact that a third party had adverse possession of the land, and that it was conclusive of that question. The decree of the federal court is competent to establish eviction, and, since notice of the action was given Asher, it proves that the eviction was by paramount title. Gaither v. Brooks, 1 A. K. Marsh. 409; Patton v. Kennedy, 1 A. K. Marsh. 389, 10 Am. Dec. 744; Burchett v. Blackburne, 198 Ky. 306, 248 S. W. 853, 34 A. L. R. 1425; Pioneer Coal Co. v. Asher, 210 Ky. 498, 276 S. W. 487. But the decree is not evidence of any other fact, and the question of adverse possession at some other time is not res judicata as between the parties to this action, who were not adversary parties in the action in the federal court. Authorities, supra.

It is further argued in support of the judgment that the land recovered by Taylor & Crate was in the actual adverse possession of a third party when the deed was made, and therefore it was void and no action can be maintained on the covenant of warranty. Altemus v. Nickell, 115 Ky. 506, 74 S. W. 221, 24 Ky. Law Rep. 2401, 103 Am. St. Rep. 333; Kentenia-Puckett Corp. v. Simpson, 196 Ky. 246, 244 S. W. 699; Pioneer Coal Co. v.

Asher, 210 Ky. 498, 276 S. W. 487. The proof for the plaintiff, which was all that was heard, did not show that the land, at the time the warranty was made, was in adverse possession of a third party. If it was, the warranty was void to the extent of such actual adverse possession, but valid as to that portion of the property not adversely held. The evidence for the plaintiff made out a case for the jury, and nothing was shown to preclude the plaintiff from a right of recovery upon the covenant of warranty contained in the deed.

It is insisted, however, that the Pioneer Coal Company of Kentucky was not a necessary party to the action, as it had been dissolved three years before the institution of the action. A corporation has an existence beyond the life of its charter for the purpose of winding up its affairs. What is a reasonable time depends upon the circumstances, and it is clear that the corporation in this case was, at least, a proper party to be joined in an action upon the warranty in a chain of title which affected it. Kash v. Lewis, 224 Ky. 679, 6 S. W. (2d) 1098; Shadoin v. Sellers, 223 Ky. 751, 4 S. W. (2d) 717; Young v. Fitch, 182 Ky. 29, 206 S. W. 29; Holliday v. Tennis Coal Co., 215 Ky. 551, 286 S. W. 773; Castle's Adm'r v. Acrogen Coal Co., 145 Ky. 591, 140 S. W. 1034; Smith v. Commonwealth Land & Lumber Co., 172 Ky. 607, 189 S. W. 912; Holiday v. Cornett, Sheriff, 224 Ky. 356, 6 S. W. (2d) 497.

Other arguments are advanced, but we deem it unnecessary to advert to them in detail. It is sufficient to say that the evidence for the appellants tended to establish the cause of action alleged in the petition and they were entitled to have the case submitted to the jury. The circuit court erred, therefore, in awarding the peremptory instruction.

The judgment is reversed for a new trial in accordance with this opinion.