# Pioneer Coal Company et al. v. Asher.

(Decided February 3, 1931.)

JAMES H. JEFFRIES and CLEON K. CALVERT for appellants.

MARTIN T. KELLY, N. J. WELLER and R. L. POPE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On May 10, 1907, A. J. Asher, in consideration of $35 an acre, conveyed with general warranty to the Edgemont Coal Company 25 separate tracts of land in Bell county, including a tract containing 93.4 acres. On August 15, 1911, the Edgemont Coal Company conveyed the land with like warranty to the Pioneer Coal Company of Kentucky, which in turn conveyed to the Pioneer Coal Company of Delaware. On March 16, 1922, Taylor & Crate, a corporation, brought suit in the United States District Court for the Eastern District of Kentucky against the Pioneer Coal Company of Kentucky to enjoin it from trespassing on the 93.4 acres of land, and to quiet its title to 77 acres. On being notified of the pendency of the action, Asher assisted in the defense. The District Court rendered judgment in favor of Taylor & Crate, and, on appeal to the United States Circuit Court of Appeals for the Sixth Circuit, the judgment was affirmed. Pioneer Coal Company v. Taylor & Crate, 5 F. (2d) 770.

This action was brought by the Pioneer Coal Company of Kentucky and the Pioneer Coal Company of Delaware against A. J. Asher to recover on the covenant

of warranty contained in the deed of May 10, 1907. In addition to other defenses, Asher pleaded that the land in controversy was in the actual adverse possession of a third party when the deed of May 10, 1907, was made, and therefore both the deed and covenant of warranty were void. On conclusion of the evidence for plaintiff the trial court directed a verdict for Asher. On appeal to this court, the judgment was reversed, and the cause remanded for a new trial. Pioneer Coal Company et al. v. Asher, 226 Ky. 488, 11 S. W. (2d) 116. In disposing of the case this court held that, inasmuch as the two coal companies and Asher were not adversary parties in the action in the federal court, the decree therein rendered, though competent to establish eviction, was not res judicata as to the question of adverse possession in this action, and further held that the peremptory in favor of Asher was improper because of the absence of proof that the land was in the adverse possession of another at the time the deed was made. On a subsequent trial the jury found for Asher, and the coal companies appeal.

Appellants first insist that the court erred in denying them the burden of proof, and the accompanying right to close the argument. The point is made that the burden of proof is to be determined from the pleadings, and, the allegations of the petition having been denied by answer, the case was one where a verdict would have gone for Asher had no evidence been introduced. The ruling of the court was made under the following circumstances: When the case was called for trial Asher, through his counsel, admitted his execution of the deed of May 10, 1907, to the Edgemont Coal Company, and the subsequent execution of the deed from Edgemont Coal Company to the Pioneer Coal Company of Kentucky, and the deed from the Pioneer Coal Company of Delaware, all of which covered the land in controversy. He also admitted the eviction of appellants from the land by the judgment of the United States Court for the Eastern District of Kentucky, and the fact that Asher had not paid or offered to pay to appellants any of the purchase price of the land. Manifestly, if Asher had admitted these facts in his pleading, and had put in the affirmative defense of champerty, the court would have been justified in placing the burden on him. Practically the same situation resulted from Asher's admission. These admissions covered everything necessary to a recovery by appellants, and when made dispensed with the necessity for offering any proof. "The burthen of proof in the

whole action lies on the party who would. be defeated if no evidence were given on either side." Section 526, Civil Code of Practice. After the admissions were made, the only issue in the case was whether, at the time of the conveyance of May 10, 1907, from Asher to the Edgemont Coal Company, the land was in the adverse possession of another. On this issue the burden was on Asher, and, if he had introduced no evidence, a peremptory instruction in favor of appellants would have been proper, and he would have been defeated. Our conclusion is that the court did not err. in placing the burden on Asher.

The further contention is made that the proof was insufficient to show possession of any part of the land in controversy other than the garden and a sulphur spring on the land, and that appellants' motion for a peremptory instruction should have been sustained. The argument is that Bailey, the tenant of Taylor & Crate, lived on the adjoining tract, and not within the lap. Under the rule prevailing in this state the adverse possession that will render a conveyance champertous is the same character of adverse possession that, if continued for the statutory period, will ripen into title. Perry v. Wilson, 183 Ky. 155, 208 S. W. 776; Geo. T. Stagg Co. v. Frankfort Modes Glass Works, 175 Ky. 330, 194 S. W. 333. Actual residence on the land is not necessary to possession. Possession may be acquired by inclosure or cultivation. Here Taylor & Crate were not mere squatters, but took possession under their deed. The possession was taken by their tenant, who cleared a small part of the land, fenced it on three sides, and used the cliff on the other side to complete the inclosure. He also fenced an adjoining spring. The inclosures were on the land at the time of the conveyance from Asher to the Edgemont Coal Company, and the land was being used for a garden. Neither at that time, nor at any other time, was the land in possession of Asher or any one else. Where one enters upon land not in the possession of another under a deed defining the boundary, and takes possession of a portion of the land and claims the whole, he is in possession to the extent of the boundary defined in his deed. Hopson v. Cunningham, 161 Ky. 160, 170 S. W. 522; Lipps v. Turner, 164 Ky. 626, 176 S. W. 42. Not only is this the rule deducible from our own opinions, but on substantially the same facts the United States Circuit Court of Appeals in the case of Pioneer Coal Company

v. Taylor & Crate, supra, held that Taylor & Crate had acquired title by adverse possession. Though the decree rendered in that action is not res judicata in this action, the opinion applying our law is highly persuasive of the correctness of the views above set forth. In our opinion the evidence was such as to make the question of champerty one for the jury, and the court did not err in overruling the motion for a peremptory instruction.

Judgment affirmed.